*H. W. Harrington* and *C. A. Korbly*, for appellee.

———o———

## WELDON v. THE STATE.

EVIDENCE.—*Rape.*—*Declarations of Injured Female.*—On the trial of a prosecution for assault and battery with intent to commit a rape, statements made, in the absence of the defendant, by the female alleged to have been so injured, not allowed to testify on account of her immature age, elicited soon after the transaction by questions put to her by her parents, are not admissible in evidence to prove the crime charged.

APPEAL from the Howard Common Pleas.

GREGORY, J.—The appellant was prosecuted in the court

VOL. XXXII.—6.

Weldon *v.* The State.

below for an assault an battery on the body of a female child under the age of twelve years, with intent to commit a rape. Plea, not guilty; trial by jury; verdict as follows: "We the jury find defendant guilty of committing assault and battery with intent to commit a rape, and that he be confined in the state prison for two years." Motion for a new trial overruled, and judgment on the verdict, over the objection and exception of the defendant.

The main question in the case arises on the introduction in evidence of the declarations of the injured party. The evidence objected to tended to prove the crime charged, by statements made, not in the presence of the defendant, elicited by questions put to the child by her parents soon after the transaction. The injured party was offered by the State as a witness, but was not allowed to testify for want of sufficient understanding, she being about six years of age.

Mr. Greenleaf states the rule thus: "Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom; and the person to whom she complained is usually called to prove that fact; yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple yes or no. Indeed, the complaint constitutes no part of the *res gestæ*; it is only a fact corroborative of the testimony of the complainant; *and where she is not a witness in the case, it is wholly inadmissible.*" 3 Greenl. Ev. § 213.

In *The People* v. *McGee*, 1 Denio, 19, it was held, that upon the trial of an indictment for rape, the declarations of the injured female, made immediately after the alleged offense, are not admissible evidence for the prosecution, to prove the offense committed; and the rule is the same though it appear that she is incompetent to testify on account of immature age, idiocy, or other mental defect. JEWETT, J., in speak-

ing for the court, said: "It is insisted on the part of the people, that when persons are excluded from being witnesses for want of understanding, whether it arises from immaturity or defect of intellect, evidence may be given of their declarations as to the offense charged. It is said (1 Chit. Cr. Law, 590), 'it was once thought, that when the party immediately injured was an infant of tender years, the parents of the child might be admitted to state the account he had given of the transaction immediately after it had taken place, and that the infant might be examined, *though not sworn* (and so is the authority of 2 Hale, 278, 9; Bul. N. P. 293); but both these ideas are now rejected, and it is fully established, that if the infant is of competent discretion, he may be sworn, however young; and if not, no evidence whatever can be given respecting his assertions.' That being the true rule in case of a person immature in intellect, I cannot see why the reason of the rule does not apply with as much force to exclude all evidence of the declarations, assertions, or signs made, supposed to communicate ideas, by a person who is incompetent to be sworn as a witness by reason of idiocy, or weakness of intellect for any cause, *as evidence of the commission of the offense*, or to affect the credit of any other witness."

In *Regina* v. *Guttridges*, 9 C. & P. 471, PARKE, B., said: "At the time of *Brazier's Case*, it seems to have been considered, that, as the child was incompetent to take an oath, what she said was receivable in evidence. *The law was not so well settled then as it is now.*"

In *Regina* v. *Megson*, 9 C. & P. 418, on the trial of an indictment for a rape, it appeared that the person alleged to have been ravished (but who was since dead) had come home evidently suffering from recent violence. It was proved that on her return home she made a statement as to the injury she had received, and named the persons who had committed it; it was held, that the particulars of this statement could not be given in evidence as independent evidence, to show who were the persons who committed the

Livengood *v.* The Commissioners of Vermillion County.

offense, and that statements of this kind were only admissible to confirm the evidence of the prosecutrix, by showing that she made a recent complaint of the injury she had received.

The court below erred in allowing the statements made by the child to her parents, not in the presence of the accused, to go to the jury.

What was said and done in the presence of the defendant, including his disclaimer of any wrong, was properly admitted in evidence.

As there ought to have been a new trial awarded, we have not examined the question as to the sufficiency of the verdict to warrant the rendition of judgment thereon.

It should be remarked, however, that the verdict is very indefinite. It does not find the defendant guilty as charged.

Judgment reversed, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*N. P. Richmond* and *C. E. Hendry,* for appellant.

*D. Shewman* and *D. E. Williamson,* Attorney General, for the State.