Filed May 24, 1892.

---

No. 16,514.

## CROSS *v.* THE STATE.

|132 65|
|133 691|

|132 65|
|135 573|

|132 65|
|138 254|

|132 65|
|160 308|

CRIMINAL LAW.—*Appointment of Counsel for Defendant—Poor Person.*— When the defendant possessed means to employ counsel for his defence, it was not error for the court to refuse to permit him to defend as a poor person.

SAME.—*Fixing Imprisonment in Penitentiary.*—The objection that the jury fixed the punishment of defendant at imprisonment in the "penitentiary" instead of the State prison is an objection of a technical character, for which reversal of the judgment is forbidden by statute.

SAME.—*Rape.—Evidence.—Conversations With Prosecuting Witness.—Effect of Striking Out.*—A defendant who is convicted in a prosecution for rape can not complain of the admission of the testimony of witnesses relating to conversations with the prosecuting witness, soon after the alleged crime, when such conversation was struck out by the court and wholly withdrawn from the jury. It was proper to prove that she made complaint soon after the occurrence, as corroborative of her testimony, but it was not proper to permit the witnesses to give a detailed statement of what she said.

SAME.—*Instructions to Jury—Rape—Nature and Extent of Resistance.*—An instruction to the jury in a prosecution for rape is proper which informs them that the nature and extent of resistance which ought reasonably to be expected in each particular case must necessarily depend upon the particular circumstances of the case, and that no general rule can be laid down upon the subject.

SAME.—*Instruction to Jury.—Reasonable Doubt.*—In the absence of any instruction defining a reasonable doubt, and in a case where the verdict is not so clearly right that an erroneous instruction can be disregarded, a judgment of conviction will not be upheld where the whole tenor

of the special instruction upon the subject of reasonable doubt was to constantly admonish the jury against entertaining unreasonable doubts, while there was no corresponding admonition against convicting the defendant if a reasonable doubt of his guilt should exist. For instruction, see opinion.

From the Huntington Circuit Court.

*C. W. Watkins* and *J. C. Branyan,* for appellant.

*W. A. Branyan,* Prosecuting Attorney, and *M. L. Spencer,* for the State.

COFFEY, J.—The first count in the information in this cause charges the appellant with an assault and battery upon one Elizabeth Adams, with the felonious intent to commit the crime of rape ; and the second count charges him with the crime of rape upon the same person.

A trial of the cause by a jury resulted in a verdict of guilty, fixing his punishment in the " penitentiary " for the period of twelve years, upon which the court, over a motion for a new trial, rendered judgment.

Numerous alleged errors are assigned in this court, upon which a reversal of the judgment of the circuit court is sought.

The circuit court did not err in refusing to permit the appellant to defend as a poor person. His examination, in open court, disclosed the fact that he was not a pauper. He possessed means with which to employ counsel for his defense, and there being no necessity for it, he should not have been permitted to defend at the expense of the public treasury.

The objection that the jury fixed the punishment of the appellant at imprisonment in the " penitentiary " instead of the State prison is an objection of a technical charcter for which we are forbidden by statute to reverse judgment.

Nor is the appellant in a condition to complain of the testimony of witnesses relating to conversations with the prosecuting witness soon after the alleged crime, inasmuch as

such conversations were struck out by the court and wholly withdrawn from the jury. It was proper to prove that she made complaint soon after the occurrence, as corroborative of her testimony, but it was not proper to permit the witnesses to give a detailed statement of what she said. The proper practice in such cases is indicated in the case of *Thompson* v. *State*, 38 Ind. 39.

It was assigned as a reason for a new trial that the circuit court erred in giving certain instructions to the jury at the request of the State and over the objections of the appellant, and also in modifying certain instructions asked by the appellant.

There is a total absence from the record of any instruction defining a reasonable doubt. As the court gave general instructions, however, upon the subject of reasonable doubt, if the instructions given were free from error, we would not reverse the judgment for this reason, as the appellant did not ask any special instructions of this character. While there are no instructions defining reasonable doubt, there are several found in the record informing the jury as to what does not amount to a reasonable doubt. It is of these instructions that the appellant complains.

As instructions are not to be construed in detached portions, but, on the contrary, are to be construed together, it is necessary that we should group those bearing upon the subject under investigation. So much of the instructions as undertake to inform the jury what does not constitute a reasonable doubt are as follows:

" The court instructs the jury, as a matter of law, that the doubt which a juror is allowed to retain in his own mind, and under which he should frame a verdict of not guilty, must always be a reasonable one; a doubt produced by undue sensibility in the mind of the juror in view of the consequences of his verdict is not a reasonable doubt, and a juror is not allowed to create sources or material for doubt by resorting to trivial or fanciful suppositions and remote

conjectures as to a possible state of facts differing from that established by the evidence. You are not at liberty to disbelieve as jurors, if you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered."

" 2. It ·is not my intention by the words 'reasonable doubt' to declare that a bare possibility of innocence will acquit, because that may be true in nearly all cases; what I wish to be understood as saying is this, when a circumstance is of doubtful character in its bearings, you are to give the accused the benefit of the doubt; if, however, all the facts established necessarily lead the mind to the conclusion that the defendant is guilty, though there be a bare possibility, namely, not supported by some good reason therefor, that he is innocent, you should find him guilty.

" 3. I instruct you that while it is the duty of each individual juror to be satisfied in his own mind of the guilt of the accused before he agrees to a conviction; his duty to the State, to society, and to himself is equally sacred to hold for conviction if he has an abiding satisfaction of the defendant's guilt; and if, after due deliberation, no juror is possessed of any good reason to doubt the defendant's guilt it is the duty of the jury to convict, for the rule of law that throws around the defendant the presumption of innocence beyond a reasonable doubt is not intended to shield those who are actually proven guilty from a just and merited punishment."

In view of the well-beaten path, clearly marked out by a long line of carefully adjudicated cases, defining what is and what is not a reasonable doubt, it is, perhaps, safer to follow the well considered and approved precedents than undertake to make new ones at the risk of erring to the injury of those whose liberty is at stake. The cases, defining what is a reasonable doubt; and declaring what is not such a doubt, are so numerous and so easy of access that with the use of diligence they can readily be found. The nearest precedent for any

of the instructions above set out, cited by counsel, is found in the case of *Wall* v. *State*, 51 Ind. 453.

What is said by the court in relation to the instruction therein set out seems to be unobjectionable, but it appears that the whole scope of the instruction was not considered. In the case of *Rhodes* v. *State*, 128 Ind. 189, a similar instruction was held erroneous. In that case the court said: " Men may feel that a conclusion is necessarily required, and yet not feel assured beyond a reasonable doubt that it is a correct conclusion. Life and liberty can not be taken where evidence does no more than necessarily lead to a conclusion. * * It is, however, not necessary that the evidence should produce absolute certainty in the minds of the jurors, or that it should dissipate mere conjectures and speculative doubts. * * It is often true that a preponderance of the evidence will necessarily lead the mind to a conclusion, but where human· life or liberty is at stake, reasonable doubt.must be removed, and the removal of reasonable doubt is not always essential to a necessary conclusion. A necessary conclusion may logically appear to result, and yet all reasonable doubt be not removed."

It is immaterial whether the doubt is to be removed by direct or circumstantial evidence, since in every case all reasonable doubt must be removed by the evidence in the cause before the accused can be convicted. No preponderance of evidence, however great, is sufficient, whether direct or circumstantial, unless it generate full belief of guilt to the exclusion of all reasonable doubt. The whole tenor of the special instructions upon the subject of reasonable doubt is to constantly admonish the jury against entertaining unreasonable doubts while there is no corresponding admonition against convicting the appellant if a reasonable doubt of his guilt should exist.

This is not a case in which we can say that the verdict is so clearly right that we can disregard an erroneous instruction. The conviction rests mainly upon the testimony of

the prosecuting witness.   Upon the commission of the act alleged against the appellant, she is contradicted by both her mother and the appellant.   Under such circumstances, to sustain the verdict the instructions should be free from error by which appellant could be prejudiced.

In the absence of some instruction defining a reasonable doubt, the giving of the instruction which we have set out above was error, which probably injured the appellant, and for which the judgment should be reversed.

The court did not err in modifying the instructions asked by the appellant.

In the case of *Anderson* v. *State,* 104 Ind. 467, it was said : " The nature and extent of resistance which ought reasonably to be expected in each particular case, must necessarily depend very much upon the peculiar circumstances attending it, and it is hence quite impracticable to lay down any rule upon that subject as applicable to all cases involving the necessity of showing a reasonable resistance."

The modifications complained of consist in requiring the instructions asked by the appellant to conform to the rule above announced.

There are some other questions presented by the record and argued by counsel in their briefs in this case, but as they may not arise upon another trial of the cause we deem it unnecessary to decide them.

For the error of the court in the matter herein indicated, the judgment of the circuit court must be reversed.

Judgment reversed, with instructions to grant a new trial, and for the necessary order to return the prisoner.

Filed May 24, 1892.