KETCHAM *v.* STATE OF INDIANA.

[No. 29,718. Filed November 16, 1959.]

*Walter G. Tanner, Leonidas A. Guthrie* and *Frederick F. McClellan,* all of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, and *John A. Pushor,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged by affidavit with the offense of rape under §10-4201, Burns' 1956 Repl., Acts 1941, ch. 148, §3, p. 447. He pleaded not guilty, was tried by jury, convicted and sentenced accordingly.

The appellant complains of error in the admission of certain evidence by the State over the objection of the defendant. This evidence concerned the testimony of Geneva Pine, the mother of the child, who had allegedly been raped by the defendant. The child, age five, did not take the witness stand. The mother was asked: "and what did she (the daughter) tell you happened that resulted in this injury?" This question was asked by the State on direct examination after the mother had related that in bathing her daughter approximately two hours after the alleged attack, she noticed some bruises about the pelvic region of her daughter. The mother thereupon related in detail the story her five-year-old daughter told her, which she obtained by questioning her. She further stated her daughter was frightened and she asked her daughter why she didn't come and tell her immediately. She answered that the man threatened to kill them if she told her mother, and she was afraid.

In the consideration of the competency of this testimony we must start out with the general proposition that hearsay testimony is not admissible when proper objection is made thereto. There are certain exceptions to this rule, however, that are well recognized. One of these is that in a sexual crime, the complaint by the victim involved is competent.

Wigmore states that the admissibility of such evidence is a tradition which goes back by continuous thread to the primitive rule of "hue-and-cry." 4 Wigmore on Evidence, 3rd Ed., §1134, p. 218.

Some courts have said that it is corroborative of the testimony of the victim. As a consequence, following such reasoning, dicta in some cases has gone further and said that a complaint is not admissible unless the prosecuting witness also testifies, since it must corroborate such witness. There is some dicta in the cases in Indiana to that effect, although those opinions do not concern cases where the victim of the alleged crime did not take the witness stand. *Thompson* v. *State* (1871), 38 Ind. 39; *Polson* v. *The State* (1894), 137 Ind. 519, 35 N. E. 907; *Cross* v. *State* (1892), 132 Ind. 65, 31 N. E. 473; *Woods* v. *State* (1954), 233 Ind. 320, 119 N. E. 2d 558.

A complaint is really corroborative of the occurrence itself, rather than the testimony of any particular witness. In the case before us the child was not a witness. There is every reason to corroborate the incident as actually occurring, whether the prosecuting witness be dead, too young to testify, or for other reasons not available as a witness.

> "Where the prosecutrix is a child *too young to be a witness,* the statements should nevertheless be receivable; because, although in general a hearsay declarant must not lack the qualifications of an ordinary witness, yet the peculiar nature of the present exception renders this principle substantially inapplicable to children; furthermore, the orthodox common-law limitations as to children's testimonial capacity are inherently unsound and impractical and should not be extended by analogy." 6 Wigmore on Evidence, 3rd Ed., §1761, p. 175.

The statement in *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565, 157 A. L. R. 1359 to the effect that the complaint of the victim, though dead, is admissible is correct and is approved, while the dicta in the above cases are disapproved.

Evidence of a complaint made by the alleged victim of a sexual crime is competent evidence in the criminal proceedings based on the acts of which complaint is made. We point out, however, that a "complaint" does not consist of a narrative of the happening.

In *Thompson* v. *State* (1871), 38 Ind. 39, p. 40, this Court said:

> "On the direct examination the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive in answer only a simple yes or no."

It is proper to prove that the alleged victim made complaint soon after the occurrence, but it is not proper to permit the witness, who relates that a complaint was made, to give in detail a narrative or statement of what the victim said. Such a story would be hearsay and would open the door to a recital of the details of the alleged crime by those who did not have knowledge directly of the facts related. That principle is well settled in this state. *Polson* v. *The State* (1894), *supra; Cross* v. *State* (1892), *supra; Woods* v. *State* (1954), *supra;* see: Anno. 157 A. L. R. 1359.

Another exception commonly recognized to the rule against hearsay is that concerning the *res gestae.* It is urged upon us here that the story told by the daughter to her mother in this instance comes within that rule and is therefore admissible.

Wigmore says the term *res gestae* is inexact and indefinite in its scope and that any attempt thus far to define it in all its limitations has been unsuccessful. The most frequent application has been in the area of spontaneous exclamations, that is, statements made during or after an affray, a

collision or the like, used to prove the facts asserted in the statement. The words must be reasonably contemporaneous with the act or incident to which it is connected. 6 Wigmore on Evidence, 3rd Ed., §1750, p. 142; 8 I. L. E., Criminal Law, §171, p. 268.

The limiting feature in this connection is that the utterance must be made under the immediate and uncontrolled domination of the senses and during the period when considerations of self-interest and time to deliberate could not have been fully brought to bear upon what was said, and therefore, the utterances are more trustworthy. 8 I. L. E., Criminal Law, §174, p. 270.

We recognize there are some cases to be found which stretch the time within which the details of a complaint may be admissible as *res gestae* up to three days after the event in the case of very young girls, but we are not persuaded by the reasoning in such cases. *People* v. *Bonneau* (1948), 323 Mich. 237, 35 N. E. 2d 161; *Soto* v. *Territory* (1908), 12 Ariz. 36, 94 Pac. 1104; *Conoway* v. *State* (1931), 171 Ga. 782, 156 S. E. 664.

In the case before us there was no spontaneity in the details the mother received from the child, but rather the story was drawn out reluctantly by questions. See: Anno. 157 A. L. R. 1359.

There was competent direct testimony by the mother and a physician of marks, bruises and injuries about the pelvis and vagina of the child and that appellant was seen alone with the little girl and her sister about two hours previously. The appellant was not charged, however, with indecent exposure or assault and battery (sex), but charged and convicted of rape. Acts 1905, ch. 169, §354, p. 584, being Burns' §10-403, 1956 Repl.; Acts 1905, ch. 169, §461, p. 584, being Burns' §10-2801, 1956 Repl.; Burns' §10-4201, *supra*.

Under the law, one of the essential elements of that crime as distinguished from lesser sexual offenses, is a penetration. 75 C. J. S., Rape, §10A, p. 471; 44 Am. Jur., Rape, §3, p. 902.

The hearsay testimony of the mother as to what her daughter told her supplied the only detail in this particular element essential to the proof of the crime as distinguished from lesser sexual offenses.

We know the hesitancy which normally exists in compelling a small girl to testify directly as to such matters. However, we have said in that connection:

> "Although we are not unmindful that by reason of the nature of the details there is a natural reticence for a child of such age to speak out in detail, still the delicacies of the situation should not be permitted to outweigh the fact that a man's liberty and reputable life is at stake. The consequential embarrassment is a small price to pay in return for a showing of the witnesses' understanding of the details upon which such conclusion may be properly or improperly based. A child of 12 is not competent to give her conclusion of 'sexual intercourse' without showing her understanding of details supporting such conclusion, while at the same time a more mature person with more knowledge of such matters might be qualified." *Riggs* v. *State* (1956), 235 Ind. 499, 135 N. E. 2d 247.

If the small child could tell the story to her mother, she could have told it on the witness stand to the jury, where it could be subjected to the usual test of credibility. It is no answer to say she was too young to be a witness. If such be true, then the credibility of such testimony was not enhanced by having it presented second-handed to the jury by another person.

We recognize that some crimes are committed and the evidence so concealed that it is sometimes impossible

to present legal evidence to sustain a conviction, but such instances do not warrant waiving or changing well settled principles of evidence which determine what is and what is not credible or competent upon which the liberty or life of one charged with a crime is at stake. The rule and principle of evidence apply to the trial of innocent as well as those that are guilty alike. The questioned evidence here does not meet the requirements of *res gestae* and the court erred in the admission of the testimony over the proper objection of the appellant. *Woods* v. *State* (1954), *supra.*

The judgment is reversed.

Achor, Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 162 N. E. 2d 247.