Harry SPEARS, Appellant,

v.

STATE of Indiana, Appellee.

No. 179S13.

Supreme Court of Indiana.

April 30, 1980.

Steven L. Artrusi and Robert F. Gonderman, South Bend, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant petitions this Court for rehearing in this cause pursuant to Ind.R. Ap.P. 11(A). Defendant alleges that the opinion is erroneous for various reasons. The only meritorious allegation relates to our treatment of statements of witnesses taken by an attorney under the work product doctrine. We grant rehearing solely for the purpose of correcting this error.

The following is substituted for and supersedes our discussion of issue IV of our prior opinion in this cause, dated February 27, 1980.

### IV.

Defendant claims that the trial court's discovery order compelling him to provide the state with copies of statements taken from witnesses violated his right against self-incrimination, his right to counsel and the work product privilege.

Reciprocity is the key element of criminal discovery in Indiana. In other words, this Court will require that discovery requirements be fairly balanced between the state and defendant. *State ex. rel. Keller v. Criminal Court of Marion Co.,* (1974) 262 Ind. 420, 317 N.E.2d 433. Defendant does not challenge the discovery order in the case at bar under the "reciprocity" rule adopted by this Court. Instead defendant claims the order violated his right against self-incrimination.

The issue raised by defendant's allegation is whether witnesses' statements are protected under the Fifth Amendment to the United States Constitution. The United States Supreme Court has held that the Fifth Amendment constitutes a personal privilege which adheres basically to the person, not to incriminating information. *Couch v. United States,* (1973) 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548. The Supreme Court has specifically held that compelling disclosure of a statement taken by defense counsel's investigator during an interview with a witness does not constitute a Fifth Amendment violation. *United States v. Nobles,* (1975) 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141.

Defendant's allegation that he was denied his right to counsel is substantially the same as his claim that the work product privilege was violated. The work product doctrine can be traced to the United States Supreme Court's decision in *Hickman v. Taylor,* (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In that case, the Supreme Court held that written statements of witnesses and memoranda an attorney has made of oral statements of witnesses cannot be the subject of a discovery order absent a showing that the denial of production would cause undue hardship or injustice:

> "Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by oppos-

ing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed . . . as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." 329 U.S. at 510–11, 67 S.Ct. at 393–4, 91 L.Ed. at 462.

The Supreme Court's holding in *Hickman v. Taylor, supra,* was not of constitutional magnitude. Rather, the Court acted in its supervisory role over the federal courts in interpreting the Federal Rules of Civil Procedure. However, Indiana has incorporated the work product doctrine in Ind.R.Tr.P. 26(B)(2) which provides in part:

"Trial preparation: Materials. Subject to the provisions of subdivision (B)(1) and (3) of this rule, a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor, except that a statement concerning the action or its subject-matter previously given by the party seeking the statement may be obtained without such a showing."

The rules of civil procedure do not govern discovery in criminal matters; matters of criminal discovery are committed to the discretion of the trial court as within the inherent powers of a trial court to guide and control the proceedings. *State ex rel. Keller v. Criminal Court of Marion Co., supra.* But the United States Supreme Court has held that the work product doctrine is applicable to criminal proceedings in the federal courts:

"Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." *United States v. Nobles,* (1975) 422 U.S. 225, 238, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141, 153.

In *Nobles,* the Court held that the privilege derived from the work product doctrine is a qualified privilege and, as such, may be waived. In *Nobles,* the defense called to the stand an investigator to impeach the testimony of a witness whom he had interviewed. The District Court told the defense counsel that he would have to provide the prosecution with a copy of the investigator's report of the interview at the completion of the investigator's impeachment testimony. When counsel indicated he would not produce the report, the court did not allow the investigator to testify. The Supreme Court held that the work product privilege had been waived and the trial court's action was proper. Similarly, the Supreme Court has held that the work product doctrine does not except statements from discovery under the Jencks Act which provides in part:

"In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government wit-

ness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection *until said witness has testified on direct examination* in the trial of the case."

18 U.S.C.A. § 3500(a) (Supp.1980 [emphasis added]).

*Goldberg v. United States,* (1976) 425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603.

■ This Court has held that a defendant has a right to the production of a witness's pretrial statements if (1) the witness has testified, (2) a substantially verbatim transcription of the statements is within the prosecution's control, and (3) the statements relate to matters covered in the witness's testimony at trial. *Antrobus v. State,* (1970) 253 Ind. 420, 254 N.E.2d 873. Following the principle of reciprocity in criminal discovery, *State ex rel. Keller v. Criminal Court of Marion Co., supra,* the state has a similar right to the production of defense witnesses' statements.

■ However, in the case at bar, the discovery order was a pretrial order providing for the production of, *inter alia,* the following:

"A copy of any written or recorded statement including memoranda reporting or summarizing their oral statement made by any individual whom the defendant or his counsel has contacted with respect to the subject matter of the aforementioned cases whom the defendant may call and/or intends to call as a witnesses [sic] in the trial of this action."

With regard to this type of discovery order, we adopt the holding of the Indiana Court of Appeals in *George v. State,* (1979) Ind. App., 397 N.E.2d 1027, 1035:

"[W]itness statements taken by the defendant, his attorney, or his agents in anticipation of litigation are not subject to *pre-trial* discovery by the prosecution over a timely work-product objection." [Emphasis added.]

In *George,* the defendant alleged that his attorney ceased taking witness statements when the state filed its discovery motion and, therefore, he could not call a witness who, at the last moment, denied earlier unrecorded statements made to defense counsel. The Court of Appeals held the improper discovery order harmless because the defendant did not identify either the lost witness or the substance or nature of that witness's testimony.

■ Here, defendant does not claim that his attorney ceased taking written statements after the order was filed. He did surrender accounts of two statements of witnesses, neither of whom was called at trial. One statement was that of Vicki Spears who was not called as a witness by either party for reasons set out *supra.* The other statement was that of an unnamed witness, the content of which statement is not revealed in the record, by affidavit or in defendant's argument.

Defendant contends, in his reply brief, that the issue here is whether the act of requiring a defendant to produce these statements violates his rights or the work product privilege and not whether the material was incriminating or actually used at trial. This contention stands in contrast to defendant's assertion, in his direct appellate brief, that the statements provided the state with a link in the chain of evidence necessary to prosecute him and that his convictions were obtained as a result of the improper order.

This bald assertion of harm to defendant deserves the same response as in *George v. State, supra.* In this case, defendant has failed to show that the trial court's improper discovery order dictates reversal.

Rehearing granted. Prior opinion of this Court in this cause is modified as indicated. Judgment of the trial court is reversed in part and affirmed in part.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.