Glenn Leigh **JOHNSON**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 3–882A226.

Court of Appeals of Indiana,
Third District.

Jan. 11, 1983.

Rehearing Denied Feb. 18, 1983.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

On March 20, 1981, Mary Beal left her three children at home with her boyfriend, Glenn Johnson, while she went to work. When Beal returned home from work she was told that her four-year-old son, T.B., had burned himself while cleaning up in the bathtub. After examining the burns Beal dressed and bandaged them. The next day Beal and Johnson decided to take T.B. to the emergency room of the hospital since his burns looked worse and he had a fever.

T.B. was examined by Dr. Patterson. Dr. Patterson did not believe Johnson's story about the cause of the burns since, in his opinion, the burns appeared to be caused by flames based on his observation of blackened and charred skin surrounding the burn areas. The child's pediatrician, Dr. Hill, was called in to examine the child. Dr. Hill concluded that Johnson's story was highly improbable since the burns were spotty and not confluent as they would be if caused by liquid.

Johnson was charged with battery[1] and tried before a jury. At trial Johnson objected to the introduction of photographs depicting the child's injuries and also to certain hearsay testimony. These objections were overruled, and the jury returned a verdict of guilty. This appeal results.

The following issues will be discussed:

(1) whether the court erred in admitting the testimony of Elizabeth Bouey and Janet Nusbaumer; and

(2) whether the court erred in admitting certain photographic exhibits.

Appellant's first argument centers on the testimony of Elizabeth Bouey, T.B.'s aunt, and Janet Nusbaumer, an Allen County Public Welfare officer. Both witnesses testified regarding statements T.B. had made to them individually on two separate occa-

1. IC 1971, 35–42–2–1 (Burns 1979 Repl.).

sions. On these two occasions the witnesses had questioned T.B. about his injuries, and T.B. replied that appellant had burnt him with some type of flames. No other person was present during the questioning, and T.B. was unresponsive while on the stand and was not qualified as a witness. Therefore appellant contends that both witnesses' statements were hearsay and not admissible under any of the exceptions to the hearsay rule.

The situation in the case at bar is strikingly similar to the facts in *Ketcham v. State* (1959), 240 Ind. 107, 162 N.E.2d 247. In *Ketcham* the court found it improper to admit testimony by the minor rape victim's mother regarding alleged statements the victim made incriminating the defendant. Although, in the case at bar, there is other evidence which would support the jury's verdict, this evidence is not so overwhelming as to satisfy this Court that the jury's decision was not influenced by the improperly admitted testimony. For this reason the verdict must be reversed and a new trial granted for appellant. *Price v. State* (1979), Ind.App., 397 N.E.2d 1043.

Appellant next contends that the introduction of photographs depicting T.B.'s injuries was improper. According to appellant the inflammatory and prejudicial effect of showing the jury photographs of the burns surrounding T.B.'s genitalia, lower back, and abdomen far outweigh the probative value of the exhibits.

Photographic evidence is admissible despite its gruesome nature, if it accurately depicts a scene or object which could be described by a witness. *Bledsoe v. State* (1980), Ind., 410 N.E.2d 1310. This Court finds nothing in the photographs which is so gruesome that the probative value of the exhibits is outweighed. The photographs are relevant since they tend to support the opinions of Drs. Patterson and Hill that the burns were caused by flame, not liquid. *Owens v. State* (1982), Ind., 431 N.E.2d 108; *Akins v. State* (1981), Ind., 429 N.E.2d 232.

Reversed and remanded.

GARRARD and STATON, JJ., concur.

