Mark **MATTHEWS**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 1285 S 505.

Supreme Court of Indiana.

Dec. 7, 1987.

Christopher C. Zoeller, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Mark Matthews appeals following his conviction of child molesting, a class B felony. Among other issues presented, defendant contends that the trial court erred in its admission of hearsay evidence which constituted the principal proof of guilt.

Pursuant to Ind.Code § 35–37–4–6, the State had petitioned to introduce out-of-court statements of a female child, the alleged victim, as heard by her father and stepmother. From 10:00 a.m. on Saturday, January 5, to 6:00 p.m. Sunday, January 6, the child had been with her non-custodial mother, with whom defendant resided. When picked up on Sunday evening following the regular weekend visitation, the child appeared to her custodial father and his wife to be staggering, dazed, and despondent. Despite questioning by her father and stepmother, the child did not initially provide any description of the charged offense. The disputed hearsay consisted of the child's subsequent remarks in response to her father's further questioning once they arrived home. It was then that the child described the conduct with which defendant was thereafter charged. The police were promptly called, and the child taken to the hospital for examination. The registered nurse conducting the initial interview of the child also heard the child's description of the incident.

Evidence presented during the pre-trial evidentiary hearing indicated that the child had a history of a seizure disorder since age two, and was being treated with anti-convulsant medication at the time of the incident. The child became withdrawn at age three when her grandmother died and had manifested difficulties in verbal expression within interpersonal relationships since then. A psychological evaluation performed sixteen months prior to the incident included the finding that the child "does not seem to be able to learn readily from her environment and at times seems to be in her own little world." (R. 227 A, p. 36) However, within three months before the incident, she was reported as becoming less frightened and more affectionate. At the hearing, the child testified that she did not know the difference between the truth and a lie. The relationship between the child's divorced mother and father had been characterized by frequent conflict including court proceedings involving custody, visitation, and contempt petitions. The child's father and the defendant had been antagonistic to the point of physical altercations.

■ The trial court found the child's chronological age to be over 10 years but her mental age to be 5 years, and found her not competent to testify because she was incapable of understanding the nature and obligation of the oath.[1] While the trial judge observed that, because of her mental capacity, the child would not be able to manufacture such a story, the record does not provide any psychiatric or psychological support for such a conclusion.[2] The trial court ruled the child's statements made the day after the alleged crimes to be admissible both under the statutory hearsay exception and, in the alternative, under the *res gestae* exception to the hearsay rule. The child did not testify at trial, and her hearsay statements were admitted and served as the basis for defendant's conviction.

■ By its very terms, this statutory exception to the hearsay rule, Ind.Code § 35–37–4–6, applies only to statements made by children *under* 10 years of age. We must construe the words in accordance with their plain and ordinary meaning. *Clipp v. Weaver* (1983), Ind., 451 N.E.2d 1092. Because the statute does not specify

1. The absence of witness competency does not necessarily preclude the admissibility of a *res gestae* declaration. *See Moster v. Bower* (1972), 153 Ind.App. 158, 171, 286 N.E.2d 418, 425.
2. We note that social scientists have expressed concern regarding the reliability of eyewitness testimony of young children. *See generally* Goodman & Reed, *Age Differences in Eyewitness Testimony,* 10 Law & Human Behavior 317 (1986); Cohen & Harnick, *The Susceptibility of Child Witnesses to Suggestion,* 4 Law & Human Behavior 201 (1980); *But see* Goodman & Helgeson, *Child Sexual Assault: Children's Memory and the Law,* 40 U.Miami L.Rev. 181 (1985).

mental age, chronological age is the determining factor. The statutory hearsay exception thus cannot serve as a basis to admit the 10–year-old child's hearsay statements.

As an exception to the hearsay rule, *res gestae* refers to spontaneous or excited utterances. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, *reh. granted on other grounds*, 272 Ind. 647, 403 N.E.2d 828. This exception to the exclusionary hearsay rule was described in *Arnold v. State* (1978), 178 Ind.App. 614, 618, 383 N.E.2d 461, 463, as follows:

> The doctrine of *res gestae* is largely based upon spontaneous statements made at the time of an accident or occurrence or transaction, usually by one of the parties thereto.... [*Moster v. Bower* (1972), 153 Ind.App. 158, 169, 286 N.E.2d 418, 424.] The reason such statements are allowed into evidence is that they form a part of the act, transaction or event, spontaneously arising from it, without premeditation. The admission of such evidence lies within the trial court's discretion.

The exception is generally described in C. McCormick, *McCormick on Evidence* § 297 (E. Cleary 3d ed. 1984) as follows:

> Although sometimes still discussed under the terminology of *res gestae*, an exception to the hearsay rule for certain statements made under the influence of a startling event is universally recognized. Formulations of the exception differ, but all agree on two basic requirements. First, there must be an occurrence or event sufficiently startling to render inoperative the normal reflective thought processes of an observer. Second, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought.

Under Rule 803(2) of the Federal Rules of Evidence, the excited utterance exception to the hearsay rule applies to statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

In the present case, there was no evidence regarding the point in time when the incident occurred during the two-day visitation. Thus it was impossible for the trial court to ascertain the length of time between the charged offense and the child's declarations as related by the witnesses. The incident could have occurred over thirty hours prior to the statements. The record fails to demonstrate that the child's out-of-court statements represented a direct spontaneous reaction to the criminal offense or were made while the child was under the stress of excitement caused by the incident.

On past occasions, this Court has had to reverse convictions resulting from similar hearsay evidence. *Skaggs v. State* (1966), 247 Ind. 639, 220 N.E.2d 528; *Ketcham v. State* (1959), 240 Ind. 107, 162 N.E.2d 247. As stated in *Ketcham:*

> We recognize that some crimes are committed and the evidence so concealed that it is sometimes impossible to present legal evidence to sustain a conviction, but such instances do not warrant waiving or changing well-settled principles of evidence which determine what is and what is not credible or competent upon which the liberty or life of one charged with a crime is at stake.

240 Ind. at 113–14, 162 N.E.2d at 250.

We must therefore conclude that the child's hearsay declarations are not admissible under the hearsay exception created by Ind.Code § 35–37–4–6, that they cannot qualify as exceptions under the *res gestae* or excited utterance exception to the hearsay rule, and that the trial court erred in its admission of the statements. The error was not harmless.

The conviction is reversed, and the cause remanded to the trial court for new trial.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.