Douglas **WILLIAMS**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 45S00–8808–CR–778.

Supreme Court of Indiana.

Dec. 4, 1989.

Marce Gonzalez, Jr., Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sentence of thirty (30) years.

The facts are: On September 1, 1987, shortly after 1:30 a.m., Steven Wahl and his girlfriend, Susan Jemenko, were aroused by their neighbor, appellant in this case, ringing their doorbell. Appellant requested that Wahl call an ambulance. He stated that he had accidentally shot his wife and that she was bleeding.

After the ambulance was called, appellant drove to the Procare Ambulance Company and roused the personnel. He told them that he had shot his wife and that it was an accident. The Procare Ambulance attendants followed appellant back to his home, arriving at about the same time as the Calumet Township ambulance arrived in response to the previous call. As the ambulance personnel entered the home, appellant's 3–year–old daughter appeared and asked them, "Are you here to help my mommy? I think my mommy's dead. My daddy shot her."

■ Appellant's sole assignment of error is that the trial court erred in permitting witnesses to testify as to the statement of the 3–year–old child that her father had shot her mother. Appellant argues that the utterances of the child do not fit the required format for the excited utterance exception to the hearsay rule. Appellant claims there was too much time lapse between the shooting and the utterance of the child. Although several minutes had passed since the firing of the shot, the 3–year–old child had been left alone with her mortally wounded mother. There is ample evidence here to support the conclusion that insofar as the child was concerned, the event was on-going and she was in an excited state of concern for her mother's welfare. *See Jones v. State* (1986), Ind., 500 N.E.2d 1166.

■ Appellant also contends the excited utterance should not have been admitted because the child was only three years of age and thus could not have qualified as a competent witness in her own right. Appellant does not cite us to any authority for this proposition. In this type of situation, regardless of the age of the person making the utterance, we are concerned only with the spontaneity of the utterance and not with the speaker's general qualifications as a witness. *McCormick on Evidence* § 297 (3d ed. 1984).

We have held that the statement must be a spontaneous result of the event rather

than a result of reflective thought. *Corder v. State* (1984), Ind., 467 N.E.2d 409. It is doubtful that a 3–year–old child alone with her mortally wounded mother would have engaged in independent thought sufficient to fabricate a statement to be made to others. We hardly can postulate any hypothetical presenting a more spontaneous utterance by a human being.

Appellant also states there was no evidence that the child actually witnessed the shooting. One hardly could conceive otherwise in view of her presence at the scene and the statement which she made.

■ Even if we would assume for the sake of argument that the court should not have permitted the ambulance attendants to testify concerning the child's statement, it nevertheless is clear that the child's statement added nothing to what already had been placed in evidence. In fact, there was never any question in this case whether appellant fired the fatal shot. When he went to his neighbors for help, he stated that he had fired the shot but that it was an accident. He made the same statement when he went directly to the ambulance company to elicit their assistance.

The child made the bare statement that her daddy shot her mommy. Her statement in no way contradicted appellant's own statements concerning the shooting. The child made no attempt to elaborate on the shooting or characterize it as deliberate or accidental. We can perceive no prejudice and thus no reversible error resulting from the admission of the child's statement. *McKim v. State* (1985), Ind., 476 N.E.2d 503.

The trial court is affirmed.

SHEPARD, C.J., concurs with separate opinion.

PIVARNIK, J., concurs.

DeBRULER, J., concurs in result with separate opinion in which DICKSON, J., concurs.

SHEPARD, Chief Justice, concurring.

Although I concur in the majority opinion, I write separately to explain why I believe that *Weldon v. State* (1869), 32 Ind. 81, is not stare decisis in this case. *Weldon* is no longer the law in Indiana as I see it.

In *Ketcham v. State* (1959), 240 Ind. 107, 162 N.E.2d 247, appellant challenged a trial court's decision allowing a mother to testify about a small child's description of alleged sexual abuse. The facts of *Ketcham* were almost identical to those in *Weldon*. In each case, the child did not tell anyone about the alleged abuse until time had passed and a parent prompted the child with questions. This Court's ruling had the same practical result in both cases: the parent was not allowed to relate the child's comments. The reasoning in the cases, however, was very different.

To resolve the admissibility of the child's statement in *Ketcham*, this Court passed over *Weldon*, never citing it, and relied instead upon 6 *Wigmore on Evidence* § 1761, at 175 (3rd ed. 1940), as support for the conclusion that "[e]vidence of a complaint made by the alleged victim of a sexual crime is competent evidence in the criminal proceedings based on the acts of which the complaint is made," regardless of the victim's age or lack of competency. 240 Ind. at 111, 162 N.E.2d at 248. As for whether the details of the crime that accompanied the complaint could be admitted through another's testimony, we declared that such testimony would be inadmissible hearsay. In examining whether the child's statements were properly admitted under the res gestae exception to the hearsay rule, we held that the child's statements about details were inadmissible because they were not spontaneous, *not* because the child was incompetent to testify. Writing for a unanimous Court, Justice Arterburn explained:

The words must be reasonably contemporaneous with the act or incident to which it is connected.... The limiting feature in this connection is that the utterance must be made under the immediate and uncontrolled domination of the senses and during the period when considerations of self-interest and time to deliberate could not have been fully brought to

bear upon what was said, and therefore, the utterances are more trustworthy.... In the case before us there was no spontaneity in the details the mother received from the child, but rather the story was drawn out reluctantly by questions.

240 Ind. at 112, 162 N.E.2d at 249 (citations omitted).

*Ketcham* is the most recent statement of Indiana law by this Court.[1] *Ketcham* clearly implies that the excited utterance of a child incompetent to testify will be considered reliable and admissible if it is spontaneous and reasonably contemporaneous with the event which provokes it. It thus overrules, *sub silentio*, the declaration in *Weldon* that the excited utterance of a child incompetent to testify may never be admitted.

My colleagues DeBruler and Dickson also assert that the child's hearsay statement was improperly admitted because it "contains no indication that the child actually observed the shooting and there is not an adequate showing in the record that would indicate that the child's statement was the result of such observation." Slip op. at 4. The rule in Indiana, however, has accepted circumstantial proof of observation: "Direct proof of the out-of-court declarant's personal observation is not necessary. '[I]t is sufficient if it appears inferentially that the declarant personally observed such matters and that there is nothing to make a contrary inference more probable.'" *Spears v. State*, 272 Ind. 634, 641, 401 N.E.2d 331, 336–37, *on reh'g*, (1980) 272 Ind. 647, 403 N.E.2d 828, *overruled in part on other grounds, Hicks v. State* (1989), Ind., 544 N.E.2d 500 (citations omitted). There is nothing apparent in the record that makes it *more* probable that the child did not see the shooting in this case. The trial judge was correct in admitting the statements and allowing the jury to draw its own inferences.

In the 120 years following this Court's decision in *Weldon*, twenty-eight states have considered the admissibility of hearsay testimony relating excited utterances from children too young to testify competently. *See* Annotation, *Admissibility of Testimony Regarding Spontaneous Declarations Made By One Incompetent to Testify at Trial*, 15 A.L.R.4th 1043 (1982 & Supp.1989). Although different states require different time limits and degrees of spontaneity, only New York continues to reject completely admission of the excited utterances as unreliable. *Id.* In light of the large number of states that have reached the same conclusion, I believe we act prudently in sustaining the admission of testimony relating the excited utterance of this three-year-old child. I think it is a better course than relying on *Weldon*, a case that has been overruled *sub silentio* by subsequent Indiana case law, especially when such reliance would place Indiana far out of the mainstream of American jurisprudence.

DeBRULER, Justice, concurring in result.

Because I do not agree that the excited utterance of the three-year-old, out-of-court declarant was admissible in this case, I concur in result only. The majority cites with approval § 297 of *McCormick on Evidence* (3d ed. 1984) to support its contention that the competence of an out-of-court declarant is irrelevant to the determination of the admissibility of an excited utterance. This is not the law in Indiana as I read it.

The case of *Weldon v. State* (1869), 32 Ind. 81, is *stare decisis* on the issue before us. In that case, this Court held that the statements of a six-year-old made to her parents soon after she was allegedly assaulted by the defendant were inadmissible hearsay and did not come within the res gestae exception to the hearsay rule because the declarant was incompetent to testify. This case has yet to be overturned in this state. *See* 15 A.L.R.4th 1043 (1982); 83

---

1. In *Hopper v. State*, Ind.App., 489 N.E.2d 1209, 1213, *cert. denied*, 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593 (1986), the Court of Appeals relied on *Ketcham* to find that a child victim's statement was admissible within the excited utter-

ance exception to the hearsay rule when the child spoke in response to one general question by the mother within minutes after the incident occurred.

A.L.R.2d 1368 (1962). While there is dicta in two of our cases to suggest that Indiana adheres to the rationale that competency pertains only to a witness's ability to testify in court, *Matthews v. State* (1987), Ind., 515 N.E.2d 1105, 1106 n. 1, *citing Moster v. Bower* (1972), 153 Ind.App. 158, 171, 286 N.E.2d 418, 425; *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, 1099, those cases are distinguishable from this one. In *Jarrett,* the child witness was later determined to be competent and actually testified at trial. In *Matthews,* the victim was ten years old, and thus presumed competent, although the trial court subsequently found her to be not competent to testify. Her statements were held inadmissible under the res gestae exception because they had been made too long after the event occurred and only after repeated questioning by her parents and authorities. The issue of competency was not before this Court then. Furthermore, both cases involved a child victim's out-of-court statement. Here the statement was an excited utterance made by a three-year-old concerning actions directed toward a third person, not an act which occurred to the child herself. The law in this state is as stated in *Weldon* and the rule is a sound one.[1]

Excited utterances have long been recognized as exceptions to the hearsay rule because they generally carry with them, as do all statements which come within one of the exceptions to the hearsay rule, sufficient indicia from the circumstances under which they were made to assure their reliability without subjecting the declarant to cross-examination or the jury's in-court scrutiny. The excited utterance of a three-year-old carries no such indicia of reliability, for competence cuts to the very heart of reliability.

This Court has often stated that the test for determining a child's competence to testify is whether the child has the ability to distinguish truth from falsehood and whether the child understands the necessity and importance of telling the truth when testifying and feels some compulsion to do so. *Jones v. State* (1984), Ind., 464 N.E.2d 1283. We require this test because there is something inherently unreliable about the testimony of a child and we presume, by statute, that a child is incompetent to testify until proven otherwise. I.C. 34–1–14–5. This unreliability is connected not only to the child's ability to tell the truth, as indicated by the second part of the test, but is also related to the child's ability to perceive, as the first part of the test demonstrates. This deficiency in a child's ability to perceive external events has been pointed out in a number of studies. *See* Goodman and Reed, *Age Differences in Eyewitness Testimony,* 10 Law and Human Behavior 317 (1986) and other articles cited by Justice Dickson in *Matthews,* 515 N.E.2d 1105, 1106 n. 2. This concern for unreliability is not allayed by the fact that the statement of the child was an excited utterance. In fact, such concerns are magnified in this context. Children are inherently more excitable than adults and are not equipped with as wide a worldview through which external events can be ordered. To a child, something told to them as being true is likely to seem as true or as real as something experienced directly and therefore is just as likely to produce an excited utterance as experiencing the event firsthand. The trier of fact in this situation will have great difficulty in deciding what weight to give such testimony without cross-examination or observing the child's in-court demeanor.

This concern for the unreliability of a child's statements (as well as for the rights

---

**1.** The Chief Justice in his concurring opinion has fixed attention on the case of *Ketcham v. State* (1959), 240 Ind. 107, 162 N.E.2d 247. In that case the Attorney General argued that the hearsay statements of a child victim of a sexual assault should be declared admissible under the res gestae or spontaneous declaration exception. That position had been adopted by several states as noted in the opinion. This court then rejected the argument because the child's statement involved in the case would not meet the sponta-

neity requirement of the general law of evidence governing the res gestae exception. The technique employed by Justice Arterburn is a familiar one for disposing of legal arguments on their merits in an arguendo or subjunctive mode, without accepting the validity of their basic legal premises. In such instances, the validity of the basic legal premise is not squarely addressed. Again, it should be noted that *Ketcham* dealt with a child victim, while this case does not.

of a defendant) is also evident in the statute controlling the admissibility of recorded statements of child victims, I.C. 35–37–4–6, and the cases limiting that statute, *see, e.g.,* *Miller v. State* (1988), Ind., 531 N.E.2d 466, which, when read together, delineate a very narrowly drawn exception to the hearsay rule. The lengths to which the statute and our cases have gone to assure the reliability of such statements and protect defendants from this type of hearsay indicate to me the unreliability of such statements. They also demonstrate the distinction that should be drawn between a child's perception of crimes committed against the child and those committed against others.

For these reasons, I believe the excited utterance of the three-year-old here was improperly admitted into evidence by the trial court. However, even if we were to adopt the rule as stated in *McCormick*, § 297, as the majority has apparently done, the statement would still be inadmissible. The cited section makes clear that while direct proof is not necessary, it must appear from the circumstances that the declarant observed the event about which the statement was made and if there is any doubt, the question should go to the jury. Here, the ambulance attendants arrived shortly after 1:30 a.m. Common sense would dictate that a three-year-old would be asleep at that hour. The statement here contains no indication that the child actually observed the shooting and there is not an adequate showing in the record that would indicate that the child's statement was the result of such observation. It is therefore inadmissible even under the majority rule. However, I agree with the majority that the statement merely repeated information that appellant had already conveyed himself in statements to ants, and that therefore the admission of the testimony in question was harmless error.

DICKSON, J., concurs.