Lamart Cortez CARTER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9604–CR–119.

Court of Appeals of Indiana.

July 21, 1997.

Transfer Denied Sept. 16, 1997.

James F. Stanton, Crown Point, for Appellant–Defendant.

Pamela Carter, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

STATON, Judge.

Lamart Cortez Carter appeals his conviction for murder, a felony.[1] He presents the following two issues for our review:

I.  Whether statements made by his three year-old son shortly after the shooting were admissible under the excited utterance exception to the hearsay rule.

II. Whether the trial court committed reversible error by admitting testimony concerning statements by the victim that Carter had battered her six months prior to the shooting.

We affirm.

The facts most favorable to the conviction reveal that Carter was in his apartment arguing with his girlfriend, Carol Gatlin. During the argument Carter shot Gatlin. Afterwards, Carter ran to a neighbor's apartment for help. When the neighbors arrived, Gatlin was in the bedroom. Their three children were sitting in the living room. Carter's

---

1. IND.CODE § 35–42–1–1 (1993).

three year-old son, Boo, told the neighbors "Daddy took the gun and went bang" and "Daddy said pow." While making these statements, Boo formed his hands in the shape of a gun.

At trial, even though Boo was determined to be incompetent to testify, the neighbors were permitted to testify concerning his remarks. In addition, testimony was permitted concerning previous incidents of domestic violence between Carter and Gatlin. The jury found Carter guilty.

## I.

### Excited Utterance

Carter first argues that the trial court erred by allowing testimony concerning Boo's statements to the neighbors. The trial court allowed the statements under the excited utterance exception to hearsay. Ind. Evidence Rule 803(2).[2] Carter concedes that Boo did not have to be competent to testify for his statements to be admissible under Evid. R. 803(2). *Williams v. State,* 546 N.E.2d 1198, 1199 (Ind.1989). However, he argues that there was no evidence that Boo personally witnessed the shooting. Without such evidence, he argues that the statements were inadmissible.

■ For the excited utterance exception to apply, the declarant must have personally witnessed the event about which he speaks. However, there does not have to be direct evidence of the personal observation. *Id.* at 1201 (Shepard, C.J., concurring). Instead, the personal observation can be proven by circumstantial evidence. *Id.* So long as it can be inferred that the declarant personally observed the event, and there is nothing to make the inference that he did not observe the event more probable, it is sufficient. *Id.* (citing *Spears v. State,* 272 Ind. 634, 401 N.E.2d 331, 336–37 (1980), *modified on reh.,* 272 Ind. 647, 403 N.E.2d 828, *overruled in part on other grounds, Hicks v. State,* 544 N.E.2d 500 (Ind.1989)).

■ Here, Boo was in the apartment and knew that his father had shot his mother with a gun. Even though he was later found

in the living room, that does not mean he was in the living room when the shooting occurred. His statements concerning the shooting lead to an inference that he witnessed the shooting. This is sufficient for the statement to be admissible under Evid. R. 803(2). *Id.* at 1200 (statement made by young child who met ambulance drivers at the door admissible because presence at house and statement "daddy shot mommy" supported inference that she personally observed shooting). We conclude that the trial court properly admitted the statements into evidence.

## II.

### Statements Concerning Abuse

■ Next, Carter argues that the trial court erred in allowing one witness, Patricia Dillon, to relate statements made by Gatlin that Carter had hit her. We need not determine whether the trial court properly admitted the evidence or not because even if the evidence was inadmissible, its admission was harmless error. Several other witnesses also testified concerning incidents of violence between Carter and Gatlin, arguments, and black eyes and bruises sustained by Gatlin. Although Carter objected to much of this evidence at trial, he does not appeal any of those rulings. The testimony by Dillon was simply cumulative of this other evidence. An error in the admission of evidence is not prejudicial if the evidence is merely cumulative of other evidence in the record. *McCovens v. State,* 539 N.E.2d 26, 30 (Ind.1989). Even if we were to determine that Dillon's testimony should not have been permitted, the same evidence would still be in the record through other testimony. Accordingly, we conclude that any error in the admission of Dillon's testimony was harmless.

Affirmed.

GARRARD and ROBERTSON, JJ., concur.

---

**2.** Evid. R. 803(2) provides:

    **Excited Utterance.** A statement relating to a startling event or condition made while the

declarant was under the stress of excitement caused by the event or condition.