Russell W. ROACH, Petitioner
(Defendant Below),

v.

STATE of Indiana Respondent
(Plaintiff Below).

No. 49S00–9512–CR–1324.

Supreme Court of Indiana.

May 24, 1999.

Monica Foster, Hammerle Foster & Long–Sharp, Indianapolis, IN, Attorney for Appellant.

Pamela Carter, Attorney General of Indiana, Preston W. Black, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION FOR REHEARING

SELBY, J.

On June 19, 1998, this Court affirmed Roach's conviction for murder. *Roach v. State,* 695 N.E.2d 934 (Ind.1998). We also affirmed the trial court's order requiring Roach to pay restitution to the victim's family in the amount of twelve thousand six hundred and ninety-seven dollars and thirty-eight cents ($12,697.38), for various expenses including funeral and burial expenses. Roach then filed this petition for rehearing. We grant Roach's petition for rehearing for the purpose of reconsidering whether the trial court possessed the statutory authority to order Roach to pay the victim's funeral and burial expenses.

On January 18, 1995, the date of the murder, Indiana Code section 35–50–5–3 authorized the trial court, within its discretion, to order defendant to pay restitution for certain enumerated expenses incurred by the victim's [1] family. If the trial court decided to order defendant to pay restitution, the statute required the court to:

base its restitution order upon a consideration of: (1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate); (2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime; and (3) earnings lost by the victim (before the date of sentencing) as a

---

1. In *Reinbold v. State,* 555 N.E.2d 463, 470 (Ind. 1990), this Court construed "victim" to include the victim or the victim's survivors who show

"loss as a direct and immediate result of the criminal acts of a defendant."

result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime.

IND. CODE § 35–50–5–3(a) (Supp.1994). On direct appeal, we interpreted our decision in *Reinbold* to permit a trial court to order a defendant to pay restitution for funeral and burial expenses incurred by the victim. *Roach,* 695 N.E.2d at 943. However, our decision in *Reinbold* did not directly address whether a trial court possessed the statutory authority to order a defendant to pay restitution for funeral and burial expenses, but instead, addressed whether a victim's survivors are "victims" and entitled to restitution within the meaning of the statute. 555 N.E.2d at 469–71. Therefore, this Court has not decided whether the trial court possesses the authority to order a defendant to pay restitution for funeral and burial expenses.

 A trial court's sentencing authority is limited to the statutory parameters prescribed by the General Assembly. *See, e.g., Whitehead v. State,* 511 N.E.2d 284, 296–97 (Ind.1987); *Kotsopoulos v. State,* 654 N.E.2d 44, 46 (Ind.Ct.App.1995). When construing a criminal statute, "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense." IND. CODE § 1–1–4–1(1) (1998); *see Matthews v. State,* 515 N.E.2d 1105, 1106 (Ind.1987). In this case, Indiana Code section 35–50–5–3 (Supp.1994) authorized the trial court to base its restitution order on three types of damages; property damage, medical and hospital costs, and lost earnings. Restitution for funeral and burial expenses is not included within the plain and ordinary meaning of this statute. Also, as we noted on direct appeal, the General Assembly later amended this statute and enlarged a trial court's authority to order a defendant to pay restitution for funeral and burial expenses. *Roach,* 695 N.E.2d at 943 n. 2. The trial court erred in this case by ordering Roach to pay restitution for funeral and burial expenses which were not specifically authorized by statute.

We find that the trial court did not possess the statutory authority to order Roach to pay restitution for funeral and burial expenses. We remand to the trial court to vacate the restitution order with respect to these expenses.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.