Lester H. WILSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 682S215.

Supreme Court of Indiana.

Jan. 23, 1984.

Rehearing Denied March 21, 1984.

Randall J. Nye, Daniel W. Glavin, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Lester H. Wilson, was tried by jury upon a charge of murder and convicted of manslaughter. The sentencing judge imposed a term of fifteen years imprisonment, adding five years to the basic sentence.

The facts tending to support the verdict and presented at trial show that on the night of June 5, 1979, and early morning hours of June 6, 1979, appellant was seen socializing with the putative victim Janice Lewis, at the Shandu Lounge in Gary, Indiana, where she was working as a waitress. They left the lounge at about 3:30 a.m. Shortly thereafter the two were seen to-

gether in a Gary neighborhood. Appellant knocked Lewis to the ground and while standing over her, shot her several times in the chest, killing her. He was arrested within minutes as he drove away from the spot.

Appellant contends that error was committed in the sentencing process in that the sentencing judge (1) did not make an adequate record statement of the reasons given for enhancing the sentence, and (2) improperly considered guilt of the greater offense of murder, and (3) mistakenly considered the victim to have been "mentally or physically infirm."

Voluntary manslaughter is a class B felony. Ind.Code § 35–42–1–3. One who commits a crime of this class may receive a fixed term of ten years to which may be added an additional ten years for aggravating circumstances or from which may be deducted up to four years for mitigating circumstances. Ind.Code § 35–50–2–5.

### I.

It is now firmly established that a sentencing judge must set forth particularized findings supporting any aggravating or mitigating circumstances when a departure from the fixed term is made, as an explanation in satisfaction of the duty owed the defendant and the community, and for the further purpose of facilitating appellate review. *Page v. State*, (1981) Ind., 424 N.E.2d 1021; *Farina v. State*, (1982) Ind., 442 N.E.2d 1104. The trial court, in enhancing appellant's basic sentence stated in its formal entry:

"The reasons for the imposition of the sentence are as follows: Imposition of a reduced sentence are as follows: Imposition of a reduced sentence would depreciate the seriousness of the crime and the victim of the crime was mentally or physically infirm."

We agree with appellant that this statement is essentially a conclusory one and standing alone would not be in conformity with the duty delineated in caselaw coming after it was made. However, the State as part of its appellate briefing has brought forth from the record of the proceedings the trial court's more specific statement made at the time sentence was pronounced in open court. There the court stated:

"All right, Mr. Wilson, stand to the microphone. This was a brutal killing. You face, when you went into trial, you faced a maximum of sixty (60) years for this, minimum of thirty (30) years.

Your lawyer performed brilliantly (sic) and got you substantially less. It does not change the brutal nature of this killing. To give the minimum sentence in this case would be a terrible thing for me to do. It would be a terrible thing to you. It would be a terrible thing to me. I couldn't live with myself do (sic) that.

Now, there are a number of things that we have to do to filter out the personal feelings in sentencing. There shouldn't be any vindictiveness on my part when I sentence you; so we establish standards to filter out those personal feelings from the sentencing process.

There are two (2) aggravating factors I find one that was imposition of a reduced sentence would depreciate the seriousness of the crime; and the other aggravating factor is that the victim of the crime was infirm in that she was an unarmed woman in a confrontation with an armed man.

There are no mitigating factors.

The finding that the jury made on sudden heat was an attribute to your lawyer. He is so good that that jury just couldn't find against him on those facts except voluntary manslaughter, and they gave you every benefit of every possible break they could look for and find. But there are no mitigating factors.

I'm not taking it into consideration perceived perjury as was approved in *Wolf v. State*, perceived perjury has to be so blatant and so clear on the record that there can be no—there can be no argument about it. That's not necessarily the case here. And again you get the benefit of the doubt because it is not clear perjury.

In assessing additional penalty for the aggravating factors, I find that additional five (5) years to the presumptive sentence is adequate. For that reason, you're now sentenced to the Department of Corrections for classification and confinement in a maximum security facility for a period of fifteen (15) years. Costs are assessed against the defendant.

There are no mitigating factors. There are two (2) aggravating factors that I have previously mentioned."

We regard this statement together with the formal entry to be sufficient to provide a basis for review of the enhancement decision, and consequently do not order remand for a more specific statement.

## II.

Appellant claims that the trial court based enhancement upon his belief that appellant was guilty of murder rather than manslaughter. If true, such reliance would be clearly improper and would require remand for imposition of the basic term for manslaughter. In *Gambill v. State*, (1982) Ind., 436 N.E.2d 301, the sentencing judge made the following statement:

"I think the facts of the occurrence justify, and the evidence would justify a conviction of murder. I think in fact that was the offense committed. The jury, as it had a right to do, returned a verdict of voluntary manslaughter for whatever reason, and I think it was not a right verdict. Further than that I think the police did an exemplary job of developing the case."

This Court concluded that the enhancement which resulted was suspect and an invasion of the province of the jury, rather than as considered by the dissenting judges in that case, a particularized statement of the seriousness of the crime as expressly required by Ind.Code § 35–50–1A–7(c)(4), now Ind. Code § 35–38–1–7(b)(4). In the case now before us the judge does entertain a degree of skepticism regarding the evidence of sudden heat and the success which defense counsel had with the jury through use of his persuasive talents. He is not however so resolutely opposed to the jury verdict as was the case in *Gambill*. Consequently we find that the statements of the trial judge were within the proper scope of his authority to make an evaluative statement of the circumstances surrounding the crime, and did not constitute an invasion of the province of the jury or render the enhancement suspect.

## III.

Pursuant to Ind.Code § 35–50–1A–7(c)(6), now Ind.Code § 35–38–1–7(b)(6), the sentencing court may consider the fact that the victim was "mentally or physically infirm" as an aggravating circumstance. As we review the trial court's statements, they reflect that the trial court gave aggravating effect to what it considered to be the relative positions of appellant and the victim at the time of the shooting. The victim was an unarmed woman who had been knocked to the ground and overpowered by the time appellant fired at her five times with his gun. The trial court could and did reasonably regard appellant's failure to sense this gross disparity between their positions, even in his frenzied and excited state of mind, as favoring an enhancement of the basic sentence. We would agree however, that technically the victim was not mentally or physically infirm at the time of the shooting as envisioned by the statute. However, such disparity of position is a matter which good sense and decency warrant as a consideration which may be properly considered in determining sentences, irrespective of the fact that it is not expressly mentioned in the statute. Ind.Code § 35–50–1A–7(d).

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.