Claude BOWLING, Appellant,

v.

STATE of Indiana, Appellee.

No. 485S169.

Supreme Court of Indiana.

June 13, 1986.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Claude Bowling was convicted of voluntary manslaughter, a class B felony, at the conclusion of a jury trial in the Marion County Superior Court. The trial court sentenced him to fourteen (14) years. On direct appeal, the following issues are raised for our consideration:

1. whether the verdict was based on sufficient evidence;

2. whether the trial court erred in denying Appellant's motion for mistrial and allowing the State to impeach its own witness;

3. whether the trial court erred in not allowing testimony of a State's witness concerning his animosity toward Appellant;

4. whether the trial court erred in refusing Appellant's Tendered Instructions Nos. 1–10; and

5. whether the trial court erred in sentencing appellant.

Bobby Davis, the victim, and Mal Jones were working on Jones' car on February 15, 1984. Davis had removed his watch sometime before Appellant and Robin Johnson stopped to talk. Subsequently, Jones and Davis went to visit Phyllis McNeil, at which time Davis noticed his watch was missing. A search of Jones' car and apartment did not reveal the watch. Jones and Davis next went to Robin Johnson's apartment and spoke to Mary Bethea, who lived in the apartment with Johnson and Appellant. She had not seen the watch and they were unable to find it there. Jones and Davis then went to a liquor store where they confronted Appellant and Johnson. An argument ensued wherein Appellant was accused of stealing the watch. At this

time Appellant may have seen a gun in the car where Davis was sitting. Later that same day, Jones and Davis returned to Appellant's apartment building where another argument ensued in the hallway. Davis left the building and Appellant returned to his apartment. Thereafter, Davis came back to the doorway of the building and Appellant came out of the apartment and shot Davis numerous times with a rifle. Appellant testified he thought Davis had a gun, although no gun was ever recovered from the vicinity. There was also conflicting testimony as to whether Davis had threatened Appellant. After Appellant shot Davis he returned to his apartment, put the rifle away, and exited out the back door. Later that evening Appellant turned himself in to the police, and has since maintained the killing was done in self-defense.

## I

Appellant first maintains his conviction was based on insufficient evidence, specifically that there was insufficient evidence of voluntary manslaughter, and that there was insufficient evidence to overcome his claim of self-defense.

■ Whether the State has disproved a claim of self-defense is a question of fact. *Sanders v. State* (1981), Ind., 428 N.E.2d 23, 25. Thus, it is reviewed as any other sufficiency question. We will neither weigh the evidence nor judge the credibility of the witnesses but rather, will look to the evidence most favorable to the State together with all reasonable inferences therefrom; if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

■ Of all the parties to this incident, only Appellant claims to have seen Davis with a gun, and no weapon was ever found in the vicinity. Davis had made no physical attack on Appellant, but rather, had only verbally harassed him. From this evidence it was reasonable for the jury to disbelieve

Appellant's claim of self-defense. Furthermore, this evidence, coupled with the evidence stated above, creates a substantial amount of probative evidence whereby the jury could reasonably infer that Appellant killed Davis in a sudden heat.

## II

Appellant next alleges the trial court erred in overruling his motion for a mistrial and in allowing the State to impeach its own witness, Mary Bethea. Bethea testified on direct and cross-examination that Davis had threatened Appellant, and that Appellant had told her that Davis had a gun as he entered the building prior to being shot. She further testified that she had, in her formal statement, told Police Officer Hoke of the threats. On direct examination Hoke testified that he had talked to Bethea on numerous occasions, but she never mentioned any threats to him, nor that Appellant had told her that Davis had a gun. Appellant objected to this testimony as improper impeachment of one's own witness not shown to be hostile, and moved for a mistrial. The objection and motion were overruled.

We recently addressed a similar issue in *Slayton v. State* (1985), Ind., 481 N.E.2d 1300, 1303, where we held there is no authority to support the assertion that one's witness must be "declared" hostile before commencing an impeachment. We further held the requisite showing of the witness' hostility was apparent when her testimony was exculpatory of the defendant and she stated her prior statement was not inconsistent. As a foundation for admitting the impeaching testimony, we required the witness be able to recall and admit, explain, or deny her prior statement.

■ In the present case, State's Witness Bethea shared an apartment with Appellant. She testified that she did not want to talk to the prosecutor during his investigation, and her testimony was exculpatory of Appellant. In her testimony she contradicted a prior statement she had made. Thus, it is clear Bethea was a hostile wit-

ness. The prosecutor asked Bethea about the prior statement, which she recalled, and at that point she could have admitted, denied, or explained it. This constituted a proper foundation to admit Hoke's subsequent impeaching testimony concerning the content of her prior statement. *Id.*

### III

Appellant contends the trial court erred in not allowing State's Witness Mal Jones to testify concerning his animosity toward Appellant. Jones testified on direct examination concerning his relationship with the victim. Appellant argues this opened the door to Jones' relationships with all parties involved. Thus, during re-cross examination of Jones, defense counsel asked him if he remembered telling her that if it were up to him, Appellant would never see "the lights of the street again." Jones denied making the statement and defense counsel sought to question him further on the statement. The State objected because this exceeded the scope of re-direct examination and because defense counsel could not be questioned as to the alleged conversation. The objection was sustained.

We fail to see any error. What Appellant argues he was entitled to elicit, and what he sought to introduce into testimony, was Jones' relationship with Appellant. This testimony was put before the jury in the form of Jones' statement, as well as by omitted cross examination questions which defense counsel was allowed to ask. These questions concerned Jones' relationship with Appellant prior to and after the shooting. The only argument Appellant can make then, is in regard to the line of questioning which was disallowed. These questions were directed to whether or not Jones ·made a particular statement. That factual issue already was before the jury, and exceeded the scope of re-direct examination. The testimony Appellant argues he was not allowed to pursue was indeed before the jury. The testimony objected to was properly omitted by the trial court. We find no error.

### IV

Appellant also maintains the trial court erred in refusing his Tendered Instructions Nos. 1–10. The first seven tendered instructions dealt with self defense, as did Final Instructions Nos. 29 and 30. The refusal to give a tendered instruction is not error if the substance of the instruction was adequately covered by other instructions given by the trial court. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1311. All instructions are to be considered together as a whole. *Cobb v. State* (1980), 274 Ind. 342, 366, 412 N.E.2d 728, 742, *reh. denied* (1981). Reading the court's final instructions, we find each and every point raised in Appellant's tendered instructions was covered in the final instructions. Appellant complains that the court's instructions were "lengthy, complex, and written in such a manner which was not easily understandable to the jury." This same argument was disposed of contrary to Appellant in *Brewer v. State* (1969), 253 Ind. 154, 163, 252 N.E.2d 429, 435. Appellant's Tendered Instructions Nos. 8 and 9 dealt with reasonable doubt and sudden heat, respectively, and were covered by other instructions given by the trial court. Final Instructions Nos. 20 and 29 covered reasonable doubt, and No. 27 dealt with sudden heat.

Appellant's Tendered Instruction No. 10 was:

Lack of or failure of the Defendant to request medical aid for the victim cannot be considered by you as any evidence of guilt.

In requesting this instruction, Appellant sought to limit the impact of testimony given at trial that he did not aid the victim or concern himself with the victim's well-being. Appellant cites us to no authority for his claim that he had a right to this instruction. He simply states that he did. We see no reason for the trial court to instruct the jury on the weight it is to give to a particular item of evidence. Furthermore, Appellant has not shown how the court's failure to give this instruction

caused him prejudice. He simply makes the summary claim that the refusal was reversible error. This is insufficient to require reversal. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 486.

### V

 Appellant's final allegation of error is that the trial court improperly sentenced him by considering improper, remote, and incorrect aggravating reasons for enhancing the presumptive sentence by four (4) years. We will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which the sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev.Sen. 2.

 Appellant contends the trial court erred by using an involuntary manslaughter conviction to aggravate the present sentence because involuntary manslaughter does not represent a criminal state of mind. He further contends it was error to use a 1974 conviction because it was too remote. Where a defendant seeks to diminish the relevance of a criminal record by emphasizing its remoteness or nonviolent character, neither factor precludes the trial court from using such prior convictions as aggravating circumstances. *Perry v. State* (1983), Ind., 447 N.E.2d 599, 600.

 Appellant next maintains the trial court erred in taking into consideration the fact that he was charged with murder but convicted of only the lesser included offense of voluntary manslaughter. This issue is nearly identical to that addressed in *Wilson v. State* (1984), Ind., 458 N.E.2d 654, *reh. denied* (1984). There, Justice DeBruler wrote for a unanimous court in finding that although the trial judge did entertain some skepticism concerning evidence of sudden heat and the success of defense counsel's persuasive talents, he did not err in considering and taking into account

these items as an "evaluative statement of the circumstances surrounding the crime." *Id.* at 656. This case, like *Wilson*, is distinguished from *Gambill v. State* (1982), Ind., 436 N.E.2d 301, where the trial judge was openly hostile to the guilty verdict. The trial judge's comments in the present case were merely an analysis of the facts of the case.

 Finally, Appellant alleges the trial court erred in aggravating his sentence due to the manner in which the shooting occurred, specifically in that Appellant had alternatives available other than using a firearm. Appellant argues this is not the law, that he was not required to shut his door or retreat into his home. Appellant's self defense argument at this point is inappropriate. The court had a right to consider the manner in which the crime was committed in making its sentence determination. *Wilson*, Ind. 458 N.E.2d at 656; *Vasquez v. State* (1983), Ind., 449 N.E.2d 284, 287–288.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, and SHEPARD, JJ., concur.

DICKSON, J., dissents without opinion.