**Gilbert JONES, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below)**

**No. 1284S489.**

Supreme Court of Indiana.

Dec. 2, 1986.

Kenneth D. Kauffman, Marion, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Gilbert Jones was convicted of robbery, a class A felony, at the conclusion of a jury trial in the Grant Superior Court. He was sentenced to thirty-five (35) years. The following issues are presented on direct appeal:

1. sufficiency of the evidence;

2. admission of the victim's out-of-court declarations;

3. impeachment and leading questions by the State of its own witnesses; and

4. cross-examination of Appellant and Defense Witness Sorrell.

The victim was a ninety-three (93) year old woman. On December 28, 1983, she was discovered, by a neighbor, in her ransacked home with injuries to the back of her head and bleeding substantially. The neighbor asked what had happened, and the victim responded that she had been robbed. The police arrived as an ambulance was taking the victim to the hospital, and an officer inquired as to what happened. The victim said she had been hit by someone. She was hospitalized for injuries including abrasions and cuts to her head requiring stitches; swelling on her head; and bruises on her head, neck, ear, cheek, and finger. Her daughter testified at trial that the victim also suffered mental deterioration after the incident. A television set and jewelry were missing from the victim's home. Tony Smith testified that while he was visiting a neighbor of the victim, Appellant asked him to go with him to the victim's home to get a television set. That television set subsequently was sold to a third party, and was identified at trial. A few days after the robbery, Appellant's girlfriend found some of the stolen jewelry in Appellant's shoe. Other jewelry stolen from the victim was sold by Appellant to a dealer in used gold. After the incident, Appellant told friends that, during a robbery of an older lady, he held the victim by the arms and scratched her, and that he pushed her into a room and locked the door.

I

Appellant maintains there was insufficient evidence to convict him. Basically, he argues there was no "direct" evidence he committed the robbery.

Where sufficiency of the evidence is presented on appeal, we neither weigh the evidence, nor judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State along with all reasonable inferences therefrom. If there is a substantial body of probative evidence from which the jury reasonably could have inferred guilt, we will not upset the verdict. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Furthermore, circumstantial evidence alone is sufficient to sustain a conviction. *Mellott v. State* (1986), Ind., 496 N.E.2d 396, 397.

The evidence at trial revealed the victim was found dazed and bleeding in her home which had been ransacked, and from which jewelry and a television set had been stolen. The victim said she had been hit and robbed. Some of the stolen jewelry was found in Appellant's shoe, while he sold the rest. Appellant was seen with the stolen television set. He told friends he had pushed the victim into a room and locked the door, and that he had held her by the arms and scratched her. This evidence clearly is sufficient to sustain Appellant's conviction.

## II

Appellant contends the trial court erred in admitting the victim's statements to her neighbor and the police officer that she had been robbed and hit. He argues that since the victim did testify at trial, but was not asked about the statements, she was unavailable for cross-examination concerning them, thus rendering the statements inadmissible hearsay.

■ Assuming, *arguendo,* that the victim's statements were hearsay, they nevertheless are admissible under the *res gestae* and excited utterance exceptions to the hearsay rule. Statements near in time and place to the crime which complete the story of the crime fall under one of the numerous hearsay objections as part of the *res gestae. Salahuddin v. State* (1986), Ind., 492 N.E.2d 292, 294. In addition, if an out-of-court utterance is made while the declarant is still under the influence of the exciting event, or has not had time for reflective thought or consideration of the nature of the event and her concern with it, such an utterance is an exception to the hearsay rule. *Teague v. State* (1978), 269 Ind. 103, 111, 379 N.E.2d 418, 422, *reh. denied* (1978). In her testimony, the victim identified the items taken from her. Appellant made no attempt to cross-examine the victim. Without a ruling by the trial court, his argument, that an attempt on his part to cross-examine regarding the statements would have been beyond the scope of direct examination, is purely speculation. Furthermore, there was other evidence corroborating her statements that she was in fact robbed by Appellant and that she sustained bodily injury.

## III

Appellant alleges the trial court erred in allowing the State to impeach and ask leading questions of its own witnesses.

■ The decision to allow leading questions is largely within the discretion of the trial court, and will not be reversed absent a showing of abuse of discretion. *King v. State* (1984), Ind., 460 N.E.2d 947, 951, *reh. denied* (1984). Appellant does no more than allege the existence of leading questions to State's Witness Lisa Cotton. He does not indicate the subject of the questions, nor does he show how he was prejudiced. Appellant has failed to show an abuse of discretion by the trial court.

During the police investigation, State's Witness Betty Miller told Officer Sorrell that Appellant had told her he hit an old lady in the head and robbed her. Prior to trial, Miller told the prosecutor that her statement to Sorrell was not correct, and that she had lied because she was angry with Appellant for living with Lisa Cotton. The prosecutor asked Miller on direct-examination if she ever had heard Appellant mention the robbery or pushing a lady down, and Miller denied such. The prosecutor then asked Miller about her statement to Sorrell, and Miller explained why she had lied. Later, the prosecutor sought to impeach Miller by inquiring whether she had delivered marijuana to Appellant while he was in jail awaiting trial. Appellant's objection was overruled, and Miller denied making such a delivery, although she did admit she was accused of doing so.

Appellant alleges the trial court erred in allowing the State to so impeach its own witness without laying a proper foundation.

■ We recently held there is no authority for the proposition that one's witness must be "declared" hostile before commencing an impeachment. *Bowling v. State* (1986), Ind., 493 N.E.2d 783, 785. The proper foundation for admitting impeaching testimony includes requiring the witness to recall and admit, explain, or deny the prior statement. *Id.* at 786. Factually, this case is quite similar to *Bowling.* There, we held the witness' hostility was apparent from her testimony exculpating the defendant and from the State's showing of a prior inconsistent statement. *Id.,* at 785. Here, the witness testified she loved Appellant and was dating him, and that he was the father of one of her children. Her testimony reflects a desire for Appellant to be acquitted. It is apparent that Miller, as a witness, was hostile to the

State's position. A proper foundation was laid upon the State asking Miller about the prior statement, and her recalling and explaining it.

 Regarding the State's attempt at impeachment *via* the alleged delivery of marijuana, Appellant twice failed to object when this issue was raised, and has thus waived any error. *Burton v. State* (1986), Ind., 497 N.E.2d 535, 538. Furthermore, as Miller denied making the delivery, we fail to see how this questioning harmed Appellant to the extent that it presents reversible error.

## IV

Appellant maintains error in the State's cross-examination of himself and of Defense Witness Officer Sorrell. On direct-examination, the following dialogue occurred:

"Q: You were charged with a felony, were you not, Gilbert?

A: Yes.

Q: And I believe if my memory serves me right, a class D felony?

A: Yes.

Q: Theft?

A: Yes."

On cross-examination, in an attempt to clarify this, the State asked whether Appellant had, in fact, been charged with *three* counts of theft.

The trial judge is allowed to control the conduct of cross-examination, and we will find reversible error only where there is an abuse of discretion. *Baird v. State* (1986), Ind., 497 N.E.2d 538, 541–542. Where a defendant raises an issue on direct-examination, he cannot thereafter close the door on the subject at his convenience. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100, 108. Here, Appellant opened the door to being "charged with a felony." The State sought only to clarify that he had, in fact, been charged with three felonies. Such was proper.

On direct-examination, Appellant inquired of Officer Sorrell regarding his involvement in the investigation of the crime, his case report, and the conduct of the investigation. On cross-examination, the State was permitted to ask Sorrell about Appellant's arrest and waiver of his *Miranda* rights. Appellant maintains this exceeded the scope of direct-examination. The only prejudice he asserts is that when coupled with other errors, this conduct "provides added evidence of prejudice." We have discussed the other alleged errors alluded to, and found them to be proper conduct on the part of the trial court in all instances. We further find the present questions objected to, to be within the scope of permissible cross-examination regarding Sorrell's investigation of the robbery. Finally, Appellant has failed to show how he was prejudiced by testimony recounting the date of his arrest and signing of a waiver form.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.