# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2018, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie M. Honer, *Appellant-Defendant,* | December 11, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1270 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Frances C. Gull, Judge |
| | Trial Court Cause No. 02D06-1711-F3-67 |

**Pyle, Judge.**

# Statement of the Case

Willie Honer ("Honer') appeals his conviction following a jury trial for Level 5 felony domestic battery[1] as well as the imposition of a two (2) year sentence. Specifically, Honer argues that: (1) there is insufficient evidence to support his conviction; (2) the trial court abused its discretion in sentencing him; and (3) his sentence is inappropriate in light of his character and the nature of his offenses. Concluding that there is sufficient evidence to support his conviction, the trial court did not abuse its discretion in sentencing Honer, and Honer's sentence is not inappropriate, we affirm the conviction and sentence.

We affirm.

# Issues

1.  Whether there is sufficient evidence to support Honer's conviction for Level 5 felony domestic battery.

2.  Whether the trial court abused its discretion in sentencing Honer.

3.  Whether Honer's sentence is inappropriate in light of the nature of his offense and his character.

---

[1] IND. CODE § 35-42-2-1.3.

# Facts

Honer and his Wife ("Wife") were married in 1997 but have been separated for sixteen years. They are the parents of two children, ages twenty-nine and sixteen. Despite the separation, Honer and Wife spend time together two to three times a week. In November 2017, Wife visited Honer at his brother's house. Honer and Wife shared one-half of a fifth of brandy. When Wife started to leave, she and Honer began arguing. A neighbor heard the argument and called the police. Two officers arrived at the scene and arrested Honer. The State charged him with Level 3 felony criminal confinement, Level 5 felony domestic battery with a previous battery conviction, Level 5 felony intimidation, Level 6 felony criminal recklessness, and Level 6 felony pointing a firearm.

At trial, the neighbor testified that she had called the police because she had "heard the obvious sounds of someone being hit." (Tr. 137). Two police officers testified that when they arrived at the scene, Wife had told them that Honer had pushed her into a chair and pointed a gun in her face. Wife testified that when she was getting ready to leave Honer's brother's house, Honer pushed her down into a wooden chair, choked her, and refused to let her leave. She further testified that she had lied to the officers and that Honer had not pointed a gun at her. Photographs admitted into evidence showed Wife with bruises on her cheek and neck. The jury convicted Honer of Level 5 felony domestic battery. Following the jury's verdict, Honer stipulated that he had been convicted of another battery involving Wife in 1997.

[5] Evidence presented at the sentencing hearing revealed that Honer's criminal history includes four misdemeanor convictions for a minor consuming alcohol, resisting law enforcement, battery, and operating while intoxicated. For those convictions, Honer had been placed on probation and referred to treatment programs and community service. He had been unsatisfactorily discharged from probation following his most recent conviction in 2010.

[6] Honer asked the trial court to consider his health and his criminal history to be mitigating factors. Specifically, Honer explained that although he was only taking one medication, he had been taking up to sixteen different medications for a variety of unnamed illnesses before he was incarcerated. Honer further argued that his prior convictions were remote in time. Specifically, he pointed out that his most recent conviction occurred in 2010 and that his prior battery conviction occurred in 1997. Also at the sentencing hearing, Honer apologized "for the altercation [h]e and [his] Wife had." (Tr. 220).

[7] When sentencing Honer, the trial court found that the sole mitigating factor was Honer's remorse. The trial court further explained as follows:

> The Court does find . . . as an aggravating circumstance your prior criminal record with failed efforts at rehabilitation covering a period of time from 1986 to 201[0]. You have a juvenile involvement with an informal adjustment, four misdemeanor convictions. You've been given the benefit of probation, treatment, community service, short jail sentences and longer jail sentences, the Treatment Alternative to Street Crime Program, the Center for Non Violence Program, and the alcohol and drug program in another county.

(Tr. 221).  Thereafter, the trial court sentenced Honer to two years in the Department of Correction.  Honer appeals his conviction and sentence.

# Decision

[8] Honer argues that:  (1) there is insufficient evidence to support his conviction; (2) the trial court abused its discretion in sentencing him; and (3) his sentence is inappropriate.  We address each of his arguments in turn.

## 1. Sufficiency of the Evidence

[9] Honer first argues that there is insufficient evidence to support his Level 5 felony domestic battery conviction.  Our standard of review for sufficiency of the evidence claims is well-settled.  We consider only the probative evidence and reasonable inferences supporting the verdict.  *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).  We do not reweigh the evidence or judge witness credibility.  *Id*.  We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt.  *Id*. The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict.  *Id*. at 147.

[10] Here, Honer specifically argues that there is insufficient evidence to support his conviction because Wife was "simply not reliable and her testimony and statements [were] incredibly dubious."  (Honer's Br. 20).  The incredible dubiosity rule provides that a court may impinge on the jury's responsibility to judge witness credibility only when confronted with inherently improbable testimony.  *Moore v.* State, 27 N.E.3d 749, 754 (Ind. 2015).  This rule is applied

in limited circumstances, namely where there is "1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence." *Id.* at 756.

Our review of the evidence makes it clear that the incredible dubiosity rule simply does not apply in this case for three reasons. First, there were multiple testifying witnesses in this case. *See Moore,* 27 N.E.3d at 756. Second, Wife's testimony was not internally inconsistent. *See Smith v. State*, 34 N.E.3d 1211, 1221 (Ind. 2015) (explaining that the second prong of the test is satisfied "only when the witness's trial testimony was inconsistent within itself, not that it was inconsistent with other evidence or prior testimony"). Third, the testimony from the other witnesses and the photographs admitted into evidence at trial provided circumstantial evidence of the crime. As a result, the State presented sufficient evidence to convict Honer of Level 5 felony domestic battery.

## 2. Abuse of Discretion in Sentencing

Honer next argues that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is in the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its discretion in a number of ways, including: (1) failing to

enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[13]     Here, Honer argues that the trial court abused its discretion because it failed to find his health and criminal history to be mitigating factors.[2] However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A trial court has discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the defendant's proffered factors to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[14]     Honer first contends that the trial court abused its discretion because it failed to find that his health was a mitigating factor. *Henderson v. State*, 848 N.E.2d 341

---

[2] Honer also argues that the trial court abused its discretion when it failed to find as mitigating factors his dependent child and the fact that he was working and contributing to society. Honer has waived appellate review of these factors because he failed to advance them for consideration in the trial court. *See Simms v. State*, 791 N.E.2d 225, 233 (Ind. Ct. App. 2003) (explaining that "[i]f the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the circumstance is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.") Waiver notwithstanding, Honer has failed to show that these mitigating factors were significant and clearly supported by the record.

(Ind. Ct. App. 2006) is instructive. Henderson, who suffered from depression, anxiety, diabetes, acid reflux, bladder prolapse, hyperthyroidism, hypertension, and arthritis in her left shoulder, argued on appeal that the trial court had erred in failing to find that her health was a mitigating factor. *Id.* at 344. However, this Court concluded that Henderson had not presented any evidence demonstrating that her medical conditions would be untreatable during incarceration or would render incarceration a hardship. *Id.* Accordingly, we concluded that the trial court did not err in failing to consider Henderson's health to be a mitigating factor. *Id.* Here, Honer argues that, before he was incarcerated, he had been taking up to sixteen medications for a variety of unnamed illnesses. However, as in *Henderson*, Honer has presented no evidence demonstrating that his medical conditions for which he was taking these medications would be untreatable during incarceration or would render incarceration a hardship. The trial court did not abuse its discretion in failing to consider Honer's health to be a mitigating factor.

[15] Honer also argues that the trial court abused its discretion because it failed to consider his criminal history as a mitigating rather than an aggravating circumstance. Honer specifically contends that the remoteness in time of his prior convictions should constitute a mitigating factor. However, the Indiana Supreme Court has previously explained that it would "not say that remoteness of time, to whatever degree, render[ed] a prior conviction irrelevant." *Bowling v. State*, 493 N.E.2d 783, 787 (Ind. 1986) (citing *Perry v. State*, 447 N.E.2d 599, 600 (Ind. 1983)). Rather, the Court explained that it is within the trial court's

discretion to determine whether to consider the remoteness of a defendant's criminal history as a mitigating factor or to find that the remoteness does not affect the consideration of the defendant's criminal history as an aggravating factor. *Buchanan v. State*, 767 N.E.2d 967, 972 (Ind. 2002). Here, the trial court found that the remoteness of Honer's prior convictions did not affect the consideration of his criminal history as an aggravating factor. In addition, the trial court specifically found that Honer had a twenty-four-year history of failed efforts at rehabilitation, including probation, community service, and treatment alternatives. The trial court did not abuse its discretion in failing to consider the remoteness of Honer's criminal history as a mitigating factor.

### 3. Inappropriate Sentence

Lastly, Honer argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[17] The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[18] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for Level 5 felony is one to six years. IND. CODE § 35-50-2-6. The advisory sentence is three years. *Id.* Here, Honer was sentenced to two years, which is less than the advisory sentence.

[19] Regarding the nature of the offense, we note that Honer drank one-half of a fifth of brandy with his estranged wife and then refused to allow her to leave his brother's house. Specifically, when Wife attempted to go home, Honer pushed her down into a chair, choked her, and refused to let her leave. Turning to Honer's character, we note that this was not Honer's first contact with the criminal justice system nor his first conviction for battery against C.H. Honer also has prior misdemeanor convictions for a minor consuming alcohol, resisting law enforcement, battery, and operating while intoxicated. These multiple convictions, including a battery conviction involving the same victim,

reflect poorly on Honer's character. *See Moss*, 13 N.E.3d at 448 (holding that "even a minor criminal history is a poor reflection of a defendant's character"). Honer has failed to meet his burden to persuade this Court that his two-year sentence for his Level 5 felony domestic battery conviction is inappropriate.

[20] Affirmed.

Najam, J., and Crone, J., concur.