## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2019, 6:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael A. Kemp
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael A. Kemp,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 16, 2019

Court of Appeals Case No.
18A-CR-673

Appeal from the Delaware Circuit Court

The Honorable Marianne L. Vorhees, Judge

The Honorable Steven R. Caldemeyer, Judge

Trial Court Cause No.
18C01-9708-CF-42

**Najam, Judge.**

# Statement of the Case

In this belated appeal, Michael A. Kemp appeals his conviction and sentence for child molesting, as a Class A felony, following a guilty plea. Kemp raises two issues for our review, which we revise and restate as follows:

1. Whether the trial court erred when it entered judgment of conviction for child molesting, as a Class A felony, because the factual basis for Kemp's plea only supported a conviction for child molesting, as a Class C felony.

2. Whether the trial court abused its discretion when it sentenced Kemp.

We affirm.

# Facts and Procedural History

In mid-1997, police officers with the Muncie Police Department were called to investigate allegations that Kemp had molested children. During the course of the investigation, Kemp voluntarily gave a statement to officers in which he admitted to having molested three children: T.E., who was nine years old; B.E., who was seven years old; and D.E., who was four years old. Kemp molested the children on multiple occasions between the dates of October 1, 1995, and December 31, 1995.

The State charged Kemp with two counts of child molesting, as Class A felonies, and one count of child molesting, as a Class C felony. During a hearing on October 2, 1997, Kemp pleaded guilty to one count of child

molesting, as a Class A felony. In exchange, the State agreed to dismiss the other two counts. Prior to accepting his plea, the court advised Kemp of the rights that he was waiving by pleading guilty. Specifically, the court told Kemp: "You understand that you won't have an appeal because there won't be anything to appeal. You won't have a trial, and there's where appeals come from." Tr. Vol. II at 8. Kemp's counsel then proceeded to solicit a factual basis for Kemp's guilty plea. In particular, Kemp admitted that he had engaged in oral sex with T.E. The trial court accepted Kemp's guilty plea and entered judgment of conviction for child molesting, as a Class A felony.

[5] The trial court held a sentencing hearing on October 30. During the hearing, the trial court stated as follows:

> He did time, for the record, for a Theft conviction prior, moved to Indianapolis, paroled until June of '90. . . . '93 in November was arrested on two (2) counts of Child Molesting in Marion County. He spent seven and a half (7 ½) months in jail. He was released in June when the charges were dismissed. . . . He was in a position of trust as a babysitter for these three (3) victims. The defendant admitted to numerous acts of molesting the victims and stated that he's molested [B.E.] three (3) times, [D.E.] six times, and [T.E.] fifteen (15) to twenty (20) times. . . . So there are certainly aggravating circumstances. . . . All I know is that the aggravating circumstances are considerable: you have a lengthy history of criminal and delinquent activity; the seriousness of the prior crimes. . . . Prior attempts of rehabilitation through probation and parole have failed. Imposition of a reduced sentence would depreciate the seriousness of the crime. . . . The crime required the Defendant to confront the victims; the ages of the victims were four (4), seven (7), and nine (9).

*Id.* at 26-28. The court did not identify any mitigators but found that "the aggravating circumstances most definitely and considerably outweigh any mitigating circumstances." *Id.* at 28. Accordingly, the court sentenced Kemp to the maximum sentence of fifty years in the Department of Correction.

[6] On February 19, 2015, Kemp filed a petition for post-conviction relief. In that petition, Kemp asserted that the evidence presented at his guilty plea hearing did not establish a factual basis for the trial court to accept his guilty plea and that he did not voluntarily plead guilty. Kemp later amended his petition to additionally assert that the trial court had abused its discretion when it sentenced him.[1]

[7] Following a hearing,[2] the post-conviction court entered findings of fact and conclusions of law in which the court denied Kemp's petition for post-conviction relief. Specifically, the post-conviction court found that, "[i]n reviewing the statute in effect when Kemp entered his guilty plea, . . . the crime is a Class A felony if the defendant is over 21 years old when he commits the offense. The offense can involve deviate sexual conduct . . . ." Appellant's App. Vol. IV at 35. Accordingly, the post-conviction court found that Kemp's admissions satisfied the elements of child molesting, as a Class A felony, and

---

[1] The State moved to dismiss the added issue raised in Kemp's amended petition for post-conviction relief. The post-conviction court initially granted the State's motion but, following Kemp's motion to correct error in which Kemp cited to the portion of the guilty plea hearing during which the trial court informed him that he could not file an appeal if he pleaded guilty, the post-conviction court reversed its decision and allowed Kemp to include the alleged sentencing errors in his amended petition for post-conviction relief.

[2] Kemp has not provided a copy of the transcript of the hearing on his petition for post-conviction relief.

that there was "clear and convincing" evidence to demonstrate that Kemp had committed the crime to which he had pleaded guilty. *Id*. at 36. The post-conviction court also found that Kemp had failed to meet his burden of proof regarding whether he had voluntarily pleaded guilty.

[8] In regard to the alleged sentencing errors, the post-conviction court found that "Kemp should have addressed these issues in a timely filed direct appeal, and he did not do so." *Id*. at 37. However, the post-conviction court concluded that "Kemp should be given the opportunity to file and present a proper Petition pursuant to Post-Conviction Rule 2, Section 1." *Id*. The post-conviction court then denied Kemp's petition for post-conviction relief but directed Kemp to file a petition for a belated appeal on the sentencing issue. On March 16, Kemp attempted to appeal the post-conviction court's denial of his petition for post-conviction relief by filing a notice of appeal with this Court. However, after "nothing had been done in furtherance of this appeal," this Court dismissed Kemp's appeal with prejudice. Appellee's App. Vol. II at 12. On January 4, 2018, Kemp filed his petition for permission to file a belated notice of appeal, which the post-conviction court granted. This appeal ensued.

## Discussion and Decision

### *Issue One: Factual Basis for Guilty Plea*

[9] Kemp first contends that the trial court erred when it accepted his guilty plea and entered judgment of conviction for child molesting, as a Class A felony.[3] Specifically, Kemp contends that, pursuant to the statute in effect at the time he committed the offense, the factual basis to which he admitted only demonstrated that he had committed child molesting, as a Class C felony.

[10] However, we cannot address Kemp's claim that the incorrect statute was applied or that he only pleaded guilty to a Class C felony because his claim on this issue cannot be raised by means of a belated appeal and, thus, is not properly before us. In order to file a belated appeal, the defendant must be an "eligible defendant." Ind. Post-Conviction Rule 2(a). An "eligible defendant" is "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty[.]" P-C.R. 2. Accordingly, in order for Kemp to be able to bring

---

[3] The parties dispute whether the doctrine of *res judicata* bars Kemp from raising this issue on appeal due to the fact that this Court dismissed his appeal from the post-conviction court's denial of his petition with prejudice, in which he asserted that the evidence presented at his guilty plea hearing did not establish a factual basis for the trial court to accept his guilty plea. However, it is unclear from the record on appeal whether Kemp raised to the post-conviction court the specific issue of whether the trial court had applied the wrong statute when it convicted him. In his petition for post-conviction relief, Kemp asserts that the facts to which he admitted did not support an elevation to a Class A felony because "factual evidence" established "a professional medical standing [sic] that all victims were not molested." *Id*. at 122. In essence, Kemp appears to have asserted to the post-conviction court only that the evidence did not support his conviction for child molesting, as a Class A felony. Nowhere in his petition did he assert that the trial court had applied the wrong statute when it convicted him. Further, Kemp did not provide a transcript of the hearing on his petition for post-conviction relief, so we are unable to determine whether Kemp raised that as an argument to the post-conviction court. Accordingly, while Kemp asserted to the post-conviction court that the factual basis did not support his guilty plea to the Class A felony, we are unable to ascertain whether he raised that issue not only due to a lack of sufficient evidence but also because the trial court had applied the wrong statute. Accordingly, we are unable to determine whether the doctrine of *res judicata* bars Kemp from raising the issue of whether the trial court applied the wrong statute.

a belated appeal challenging his conviction following a guilty plea, he would have to have had the right to challenge his conviction on direct appeal.

[11] It is well settled that "a person who pleads guilty cannot challenge the propriety of the resulting conviction on direct appeal." *Rogers v. State*, 958 N.E.2d 4, 7 (Ind. Ct. App. 2011). Because Kemp did not have the right to challenge his guilty plea on direct appeal, he is not eligible to bring a belated appeal under Post-Conviction Rule 2 to challenge the propriety of his guilty plea. Therefore, Kemp's claim challenging his guilty plea is not properly before us, and we decline to address it.

### Issue Two: Sentencing

[12] Kemp next asserts that the trial court abused its discretion when it sentenced him, which issue is properly before us.[4] We initially note that twenty years and numerous changes to our criminal law have passed since Kemp's conviction and sentence. Accordingly, we will review the case law in effect at the time Kemp committed the offenses and was sentenced.

[13] We review a trial court's sentencing decisions for an abuse of discretion, including the trial court's decision to increase or decrease the presumptive

---

[4] While Kemp cannot challenge his guilty plea through a belated appeal, it is well settled that a belated direct appeal is a proper means to challenge the merits of a sentencing decision. *See Walton v State*, 866 N.E.2d 820, 821 (Ind. Ct. App. 2007).

sentence because of aggravating or mitigating circumstances.[5]  *See Trowbridge v. State*, 717 N.E.2d 138, 149 (Ind. 1999).

> To deviate from the statutorily proscribed presumptive sentence, the trial court must "(1) identify all of the significant mitigating and aggravating circumstances, (2) state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) articulate the court's evaluation and balancing of the circumstances to determine if the mitigating circumstances offset the aggravating ones."

*Id.* (quoting *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999)).  Here, Kemp contends that the trial court abused its discretion when it found certain aggravating factors and when it failed to identify a mitigating factor.

*Aggravators*

Age of Victim

[14]  Kemp contends that the trial court abused its discretion when it considered the age of the victim as an aggravator because the age of the victim "constitutes an element of the crime."  Appellant's Br. at 10.  It is well settled that "[a] fact

---

[5] Kemp briefly asserts that the trial court's use of two aggravators—the victim's age and the use of a prior, uncharged act—was improper under *Blakeley v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.E.2d 403 (2004).  In that case, the Supreme Court held that, in order "to comply with the Sixth Amendment, juries, not judges, must find beyond a reasonable doubt 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum.'"  *Gutermuth v. State*, 868 N.E.2d 427, 431 (Ind. 2007) (quoting *Blakeley*, 542 U.S. at 301).  However, the Supreme Court decided *Blakeley* after the trial court had sentenced Kemp.  And, while the Indiana Supreme Court held that *Blakeley* is to be applied retroactively to all cases on direct review at the time *Blakeley* was announced, it also held that "*Blakeley* is not retroactive for Post-Conviction Rule 2 belated appeals."  *Id.* at 432.  Because Kemp was sentenced before *Blakeley* was decided, and because Kemp has filed a belated appeal pursuant to Post-Conviction Rule 2, the Supreme Court's holding in *Blakeley* does not apply.

which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence." *Stewart v. State*, 531 N.E.2d 1146, 1150 (Ind. 1988). However, while a material element of a crime may not constitute an aggravating factor, "the particularized individual circumstances of the criminal act may constitute a separate aggravating factor." *Ector v. State*, 639 N.E.2d 1014, 1015 (Ind. 1994).

[15] Here, Kemp was convicted of child molesting, as a Class A felony. At the time he committed the offense, the statute defined child molesting as performing or submitting to deviate sexual conduct with a child under fourteen years of age. *See* I.C. § 35-42-4-3(a) (1995). Kemp admitted that T.E. was only nine years old when he engaged in oral sex with her. That particular fact goes beyond the material element needed to establish that Kemp committed child molesting. Put another way, Kemp's conduct could have satisfied the statutory element of the crime without T.E. being as young as she was. As such, the trial court did not rely on the element of the offense but, rather, on the particularized facts of the crime when it found the victim's age to be an aggravator. We therefore cannot say that the trial court abused its discretion when it identified the victim's age as an aggravating circumstance.

## Prior, Dismissed Charge

[16] Kemp next contends that the trial court abused its discretion when it identified as an aggravating factor a past crime for which Kemp was charged but not convicted. We first note that, while the trial court mentioned the fact that Kemp had previously been charged with child molesting, the trial court did not

rely on that as an aggravating factor. Indeed, when the trial court identified the aggravators, it found as follows:

> All I know is that the aggravating circumstances are considerable: you have a lengthy history of criminal and delinquent activity; the seriousness of the prior crimes. . . . Prior attempts of rehabilitation through probation and parole have failed. Imposition of a reduced sentence would depreciate the seriousness of the crime. . . . The crime required the Defendant to confront the victims; the ages of the victims were four (4), seven (7), and nine (9).

Tr. Vol. II at 27-28. Accordingly, trial court did not specifically identify a prior, dismissed act as an aggravating circumstance but, rather, identified Kemp's entire criminal history as an aggravating factor, which Kemp does not dispute contains prior convictions in addition to the dismissed charge.

[17] But even if the trial court had identified the prior, dismissed charge as an aggravating circumstance, "the Indiana Supreme Court has explicitly held that it is proper for a trial court to use such evidence in determining a sentence." *Durham v. State*, 510 N.E.2d 202, 205 (Ind. Ct. App. 1987) (citing *Kelly v State*, 452 N.E.2d 907, 912 (Ind. 1983)). Accordingly, even if the trial court had identified that aggravating factor, we could not say that the trial court abused its discretion.

### Criminal History

[18] Kemp also asserts that the trial court abused its discretion when it identified his criminal history as an aggravating factor. It is well settled that it is proper for a

trial court to consider a criminal history to be an aggravating factor. *See Smith v. State*, 675 N.E.2d 693, 698 (Ind. 1996). Kemp does not dispute the fact that a criminal history can be an aggravating factor. However, he asserts that the trial court abused its discretion when it considered his criminal history to be an aggravating factor because "all of [his] prior convictions were over 10 years prior to this current offense." Appellant's Br. at 13.

[19] The "chronological remoteness of a defendant's prior criminal history should be taken into account." *Buchanan v. State*, 767 N.E.2d 967, 972 (Ind. 2002). "However, 'we will not say that remoteness in time, to whatever degree, renders a prior conviction irrelevant.'" *Id.* (quoting *Harris v. State*, 396 N.E.2d 674, 677 (Ind. 1979)). "The remoteness of a prior criminal history does not preclude the trial court from considering it as an aggravating circumstance." *Id.* (citing *Bowling v. State*, 493 N.E.2d 783, 787 (Ind. 1986). Indeed, it is within "the ambit of its discretion" for a trial court to find the remoteness to not affect the consideration of the criminal history as an aggravator. *Id.* Here, most of Kemp's prior convictions occurred between 1981 and 1985, ten years or more prior to the instant offense. However, notwithstanding their remoteness, the trial court was not precluded form considering Kemp's criminal history as an aggravating circumstance. We therefore cannot say that the trial court abused its discretion when it considered Kemp's criminal history to be an aggravator.

*Mitigators*

[20] Finally, Kemp contends that the trial court abused its discretion when it failed to identify his guilty plea as a mitigating factor. "While a guilty plea is not

enough to prove remorse, it can show an acceptance of responsibility for one's actions." *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999). "Certainly, the plea saves court time and spares the victim's family the trauma of trial." *Id*. "Where the state reaps a substantial benefit from the defendant's act of pleading guilty, the defendant deserves to have a substantial benefit returned." On appeal, Kemp specifically contends that the trial court abused its discretion when it failed to identify his guilty plea as a mitigating factor because he had not received any "substantial benefit" for his plea. Appellant's Br. at 13.

[21] However, we agree with the State that Kemp received a substantial benefit in exchange for pleading guilty. Indeed, in exchange for his plea, the State agreed to dismiss one count of child molestation, as a Class A felony, and one count of child molestation, as a Class C felony, which charges carried a combined maximum possible, additional sentence of 58 years. *See* I.C. §§ 35-50-2-4, -6 (1995). And the facts to which Kemp admitted to the police officers would have supported those additional counts. Accordingly, Kemp received a substantial benefit in exchange for his guilty plea. We therefore cannot say that the trial court abused its discretion when it did not identify Kemp's guilty plea as a mitigating factor. *See Sensback*, 720 N.E.2d at 1165.

[22] In sum, Kemp's contention regarding his guilty plea is not properly before this court, and we decline to consider Kemp's assertion on that issue. And the trial

court did not abuse its discretion when it sentenced Kemp.[6] We affirm Kemp's sentence.

[23] Affirmed.

Baker, J., and Robb, J., concur.

---

[6] For the first time in his reply brief, Kemp cites Indiana Appellate Rule 7(B) and asks this Court to review his sentence. However, because he raised this issue for the first time in his reply brief, it is waived. *See Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005).